UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ORLANDO BALUJA and all others similarly situated under 29 U.S.C. 216(b),

          Plaintiff,

vs.

EL GALLEGO SPANISH TAVERN RESTAURANT, INC.,
EL GALLEGO SPANISH RESTAURANT INC,
ENRIQUE BLANCO,
JORGE BLANCO,

          Defendants.

## COMPLAINT UNDER 29 U.S.C. 201- 216 MINIMUM WAGE VIOLATIONS

Plaintiff, ORLANDO BALUJA on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC., EL GALLEGO SPANISH RESTAURANT INC, ENRIQUE BLANCO, and JORGE BLANCO, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant EL GALLEGO SPANISH TAVERN RESTAURANT, INC., was a corporation that regularly transacted business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's employment period from on or about May 31, 2012 through on or about December 31, 2014.

4. The individual Defendant ENRIQUE BLANCO was a corporate officer and/or owner and/or manager of the Defendant Corporation, EL GALLEGO SPANISH TAVERN

RESTAURANT, INC., who ran the day-to-day operations of the Corporate Defendant, EL GALLEGO SPANISH TAVERN RESTAURANT, INC., for the time period of on or about May 31, 2012 through on or about December 31, 2014, and was responsible for paying Plaintiff's wages for said time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. The individual Defendant JORGE BLANCO was a corporate officer and/or owner and/or manager of the Defendant Corporation, EL GALLEGO SPANISH TAVERN RESTAURANT, INC., who ran the day-to-day operations of the Corporate Defendant, EL GALLEGO SPANISH TAVERN RESTAURANT, INC., for the time period of on or about May 31, 2012 through on or about December 31, 2014, and was responsible for paying Plaintiff's wages for said time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

6. Under information and belief, the Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC., ENRIQUE BLANCO, and JORGE BLANCO, sold the business to the Defendant EL GALLEGO SPANISH RESTAURANT INC., on or about January 1, 2015.

7. Under information and belief, the Defendant Corporation, EL GALLEGO SPANISH RESTAURANT INC., continued the business in the same location with the same employees, equipment, operation, and/or resourced and with a similar business model geared towards the same clientele/customer base.[1]

---

[1] Plaintiff reserves the right to amend the Complaint to allege joint employer and joint enterprise as to all the Defendants should the facts adduced in discovery justify same. *See,* 29 U.S.C. 203(r). Further, Plaintiff reserves the right to amend the Complaint to allege that the Defendant Corporation, EL GALLEGO SPANISH RESTAURANT INC., is doing business as a successor of the Defendant Corporation, EL GALLEGO SPANISH TAVERN RESTAURANT, INC., and are one and the same company and therefore specifically liable for the damages claimed in this lawsuit should the facts adduces in discovery justify same. *See, Steinbach v. Hubbard,* 51 F.3d 843, 844 (9th Cir. Wash. 1995) (The principles of equity require that the successor be held liable for the damages sought.).

8. The Defendant EL GALLEGO SPANISH RESTAURANT INC, is a corporation that regularly transacted business within Dade County. Upon information and belief, the Defendant Corporation is the FLSA employer for Plaintiff's employment period from on or about January 1, 2015 through on or about May 26, 2017.

9. All acts or omissions giving rise to this dispute took place in Dade County.

### COUNT I. FEDERAL MINIMUM WAGE VIOLATION

10. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who worked as waiter(s) and/or the serving staff (i.e. busers, runners, etc.) and other employees that have not been paid minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

11. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

12. 29 U.S.C. § 206 (a) (1) states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: except as otherwise provided in this section, not less than-- $5.85 an hour, beginning on the 60th day after May 25, 2007; $6.55 an hour, beginning 12 months after that 60th day; and $7.25 an hour, beginning 24 months after that 60th day…" [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr.

On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

13. Plaintiff worked for Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC., ENRIQUE BLANCO, and JORGE BLANCO, as a waiter from on or about May 31, 2012 through on or about December 31, 2014, at which time Defendants sold their business to the Corporate Defendant, EL GALLEGO SPANISH RESTAURANT INC.

14. Plaintiff worked for Defendant, EL GALLEGO SPANISH RESTAURANT INC, as a waiter from on or about January 1, 2015 through to on or about May 26, 2017.

15. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

16. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

17. Upon information and belief, the Defendant Corporation, EL GALLEGO SPANISH TAVERN RESTAURANT, INC., had gross sales or business done in excess of $500,000

annually for the years 2012, 2013, and 2014.

18. Upon information and belief, the Defendant Corporation, EL GALLEGO SPANISH RESTAURANT INC, had gross sales or business done in excess of $500,000 annually for the years 2015 and 2016.

19. Upon information and belief, the Defendant Corporation EL GALLEGO SPANISH RESTAURANT INC's gross sales or business done is expected to exceed $125,000 for the first three months of the year 2017 and is expected to exceed $500,000 for the year 2017.

20. Between the period of on or about May 31, 2012 through on or about December 31, 2014, Plaintiff worked an average of 40 hours a week for Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC., ENRIQUE BLANCO, and JORGE BLANCO. Plaintiff was paid $1.50/hr for said work in violation of the Fair Labor Standards Act as said payment of $1.50/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate of $1.50/hr and the applicable minimum wage for all hours worked.

21. Between the period of on or about January 1, 2015 through on or about May 26, 2017, Plaintiff worked an average of 40 hours a week for Defendant, EL GALLEGO SPANISH RESTAURANT INC. Plaintiff was paid $1.50/hr for said work in violation of the Fair Labor Standards Act as said payment of $1.50/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate of $1.50/hr and the applicable minimum wage for all hours worked.

22. The Defendants wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage

violations.

23. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
    Florida Bar Number: 0010121