Case 1:17-cv-22135-AOR   Document 29   Entered on FLSD Docket 07/28/2017   Page 1 of 7

Baluja v. El Gallego, et al.
CASE NO.   17-cv-22135-JEM

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
### Miami Division
CASE NO: 17-cv-22135-JEM

**ORLANDO BALUJA, on her own**
**behalf and on behalf of those**
**similarly situated,**
      Plaintiff(s),

v.

**El Gallego Spanish Tavern**
**Restaurant, Inc., a Florida Corporation,**
**El Gallego Spanish Restaurant Inc., a Florida Corporation**
**Enrique Blanco, individually,**
**Jorge Blanco, individually, et al.,**
      Defendant(s)
_____/

## DEFENDANTS, EL GALLEGO SPANISH TAVERN RESTAURANT, INC., ENRIQUE BLANCO, and JORGE BLANCO'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

The Defendants, El Gallego Spanish Tavern Restaurant, Inc., a Florida Corporation, Enrique Blanco, individually, and Jorge Blanco, individually (collectively referred to as "Defendants") by and through its undersigned counsel hereby file their Answer, Affirmative Defenses to the Plaintiff's Amended Complaint and state:

DEFENDANTS' ORIGINAL ANSWER Pursuant to Federal Rule of Civil Procedure 8(b), Defendants respond to the allegations in each corresponding paragraph of the Amended Complaint as follows:

1. Defendants admit the allegations on Paragraph 1.

2. Defendants admit only so much of Paragraph 2 of the Complaint that alleges that ORLANDO BALUJA is an individual. Defendants deny the remaining allegations of paragraph 2 of the Complaint.

3. Defendants admit the allegations on Paragraph 3.

4. Defendants deny the allegations on Paragraph 4.

5. Defendants admit only so much of Paragraph 5 of the Complaint that alleges that El Gallego Spanish Tavern Restaurant, Inc., is a Florida corporation. Defendants

deny the remaining allegations of Paragraph 5 of the Complaint.

6. Defendants admits the allegations on Paragraph 6.

7. Paragraph 7 is denied as Defendants have no knowledge.

8. Paragraph 8 is denied as Defendants have no knowledge.

9. Paragraph 9 is admitted for venue and jurisdictional purposes only. Defendants deny the remaining allegations of Paragraph 9 of the Complaint.

10. The allegations of Paragraphs 10 of the Complaint state either recitations of federal law or legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

11. Paragraph 11 is admitted for venue and jurisdictional purposes only. Defendants deny the remaining allegations of Paragraph 11 of the Complaint.

12. The allegations of Paragraph 12 of the Complaint state legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied. Defendants do not engage in any interstate commerce, as defined by the FLSA.

13. Paragraph 13 is denied.

14. Paragraph 14 is denied as Defendants have no knowledge.

15.  Paragraph 15 is denied.

16. Paragraph 16 is denied.

17. Paragraph 17 is denied.

18.  Paragraph 18, is denied.

19. Paragraph 19 is denied.

20. Paragraph 20 is denied.

21. Paragraph 21 is denied.

22. Paragraph 22 is denied.

23. Paragraph 23 is denied.

Case 1:17-cv-22135-AOR   Document 29   Entered on FLSD Docket 07/28/2017   Page 3 of 7

Baluja v. El Gallego. et al.
CASE NO.   17-cv-22135-JEM

24. Paragraph 24 states a legal conclusion or a recitation of Florida law that does not require a response, and the Defendants therefore deny the allegations therein.

25. Paragraph 25 states a legal conclusion or a recitation of Florida law that does not require a response, and the Defendants therefore deny the allegations therein.

26. Paragraph 26 states a legal conclusion or a recitation of Florida law that does not require a response, and the Defendants therefore deny the allegations therein.

27. Paragraph 27 is denied.

28. Paragraph 28 is admitted.

29. Paragraph 29 states a legal conclusion or a recitation of Florida law that does not require a response, and the Defendants therefore deny the allegations therein.

30. Paragraph 30 states a legal conclusion or a recitation of Florida law that does not require a response, and the Defendants therefore deny the allegations therein.

31. Paragraph 31 is denied.

32. Paragraph 32 is denied.

33. Paragraph 33 is denied.

34. Any Paragraph or other writing of the Plaintiff's Complaint not answered through this pleading is hereby expressly denied.

## AFFIRMATIVE DEFENSES

35. The Complaint fails to state a claim upon which relief may be granted.

36. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

37. Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

38. At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA.

39. Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

40. This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

41. Plaintiff is not entitled to liquidate damages, as Defendants acted in good faith and had reasonable grounds to believe that their conduct was not a violation of the

Case 1:17-cv-22135-AOR   Document 29   Entered on FLSD Docket 07/28/2017   Page 4 of 7

Baluja v. El Gallego. et al.
CASE NO.   17-cv-22135-JEM

FLSA.

42. Plaintiff's claim is partially barred, or should be reduced by the limitations period for maintaining an action pursuant to the FLSA.

43. This action is barred or limited by 29 C.F.R. § 785.47, the de minimis doctrine. See Lindow v. U.S., 738 F.2d 1057, 1062 (9th Cir. 1984).

44. Plaintiff is not entitled to compensation for "preliminary or postliminary activities" in accordance with the Portal-to-Portal Act.

45. Any hours worked beyond Plaintiff's compensated workweek were unauthorized and performed without Defendants' actual or constructive knowledge.

46. The Complaint fails to establish that the Plaintiff's supervisors were aware that he was performing uncompensated work. In order for work performed off-the-clock to be compensable, an employee's supervisor must know or have reason to believe that work is being performed and have an opportunity to prevent the work from being performed. See Gaylord v. Miami-Dade County, 78 F. Supp 1320, 1325 (S.D. Fla.1999). (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680,687 (1946) (emphasis added). "[F]or an activity performed by an employee off-the-clock to constitute compensable work, 'the employers supervisor [must] know or have reason to believe that the work is being performed and [must] have an opportunity to prevent the work from being performed.'" Bull v. United States, 68 Fed. Cl. 212, 224 (U.S. Claims 2005) (quoting 5 C.F.R. s 785.12 (DOL)). This actual or constructive knowledge must be attributable to someone with the authority to bind the government. Bull 68 Fed. Cl. at 224 (citation omitted).

47. In the alternative, Defendants are entitled to offset monies or other consideration paid or provided to Plaintiff by Defendants for periods in which Plaintiff was not engaged to work.

48. Any claim for overtime compensation by Plaintiff must be off-set by any premium compensation, overpayments, bonuses, compensatory time off, or other job-related benefits paid or provided to Plaintiff, including a reduction for any compensation already paid to Plaintiff for periods not compensable under the FLSA.

49. Without assuming the burden of proof, Plaintiffs were compensated for all hours worked in excess of 40 hours in any particular workweek (as Plaintiff themselves may have reported her time worked) at a rate not less than that set forth by the

Case 1:17-cv-22135-AOR   Document 29   Entered on FLSD Docket 07/28/2017   Page 5 of 7

Baluja v. El Gallego. et al.
CASE NO.  17-cv-22135-JEM

overtime provisions of the FLSA.

50. Without assuming the burden of proof, Defendants complied with all recordkeeping requirements of the FLSA.

51. The alleged time for which Plaintiffs seek compensation is irregular as well as practically and administratively difficult to record.

52. Without assuming the burden of proof, Plaintiffs and members of the purported class or collective action are not similarly situated. The potential claims of the purported class members reflect variability.

53. The regular rate cannot be computed based upon and overtime compensation cannot be recovered by Plaintiff for periods of time during which they performed no work, including vacation and/or sick leave, worker's compensation leave, or were otherwise absent from the workplace during that week, including during holidays, missing meetings and other functions attended voluntarily.

54. Even if Defendants failed to compensate Plaintiff in accordance with the requirements of the FLSA, Defendants did not willfully violate the Act. Defendants acted in good faith reliance upon, and in conformity with, official written administrative regulations, orders, rulings, approvals, or administrative interpretations, practice or enforcement policies of the United States Department of Labor, Wage and Hour Division and had a reasonable, good faith basis for believing it was not in violation of the Act. Accordingly, relief is therefore barred, in whole or in part.

55. Any acts or omissions with regard to its pay practices of Plaintiff were taken in good faith upon a reasonable belief that such pay practices complies with the FLSA; accordingly, liquidated damages are not appropriate.

56. Defendants are entitled to recover reasonable attorney's fees and cost pursuant to F.S. ' 448.110.

57. The corporate Defendant did not employ Plaintiff.

58. Defendant, Enrique Blanco, and Jorge Blanco's liability is derivative to that of the corporation. The corporate Defendant is not liable to the Plaintiff, and thus, the individual Defendant is not liable to the Plaintiff.

59. Plaintiff's claim is barred by the doctrine of judicial estoppel.

60. Defendants did not employ Plaintiff.

Case 1:17-cv-22135-AOR   Document 29   Entered on FLSD Docket 07/28/2017   Page 6 of 7

Baluja v. El Gallego. et al.
CASE NO.   17-cv-22135-JEM

61. To the extent that Plaintiff may seek punitive damages, Plaintiff's recovery is limited by applicable provisions of the FLSA and the Florida and/or United States Constitutions.  Any award of punitive damages to Plaintiff in this case would be in violation of the FLSA and the constitutional safeguards provided to Defendants under the Constitution of the United States and/or the laws of the State of Florida.

62. Plaintiff is not entitled to punitive/liquidated damages as Defendants did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

63. Defendants reserve the right to assert further affirmative defenses as they become evident through discovery investigation.

64. All actions taken by Defendants with respect to Plaintiff were supported by legitimate business reasons.

65. To the extent Plaintiff seeks damages not recoverable under the FLSA, Plaintiff is barred from such recovery.

Dated: July 28, 2017

Respectfully submitted,

JAVIER BANOS MACHADO
Florida Bar No. 25706
E: lawservicespa@gmail.com
Attorney for El Gallego Spanish Tavern Restaurant, Inc., a Florida Corporation, Enrique Blanco, individually, and Jorge Blanco, individually
3126 Coral Way
Miami, FL 33145
 T: (305) 519-5581
 F: (305) 403-1061
Attorney for Defendants

Case 1:17-cv-22135-AOR   Document 29   Entered on FLSD Docket 07/28/2017   Page 7 of 7

Baluja v. El Gallego. et al.
CASE NO.   17-cv-22135-JEM

# CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Javier Banos Machado
JAVIER BANOS MACHADO, ESQ.

**SERVICE LIST**

Neil Tobak
J.H. Zidell P.A.
300 71st Suite 605
Miami Beach, FL 33141
305-773-3269
Email: ntobak.zidellpa@gmail.com
ATTORNEY TO BE NOTICED


Rivkah Fay Jaff
J.H. Zidell, P.A.
300-71st Street, Ste 605
Miami Beach, FL 33141
(305) 865-6766
Email: Rivkah.Jaff@gmail.com
ATTORNEY TO BE NOTICED

Jamie H. Zidell
300 71st Street
Suite 605
Miami Beach, FL 33141
305-865-6766
Fax: 865-7167
Email: ZABOGADO@AOL.COM
ATTORNEY TO BE NOTICED