UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-22135-CIV-AOR

[CONSENT CASE]

ORLANDO BALUJA and all others similarly )
situated under 29 U.S.C. 216(b), )
      Plaintiff, )
    vs. )
EL GALLEGO SPANISH TAVERN )
RESTAURANT, INC., )
EL GALLEGO SPANISH RESTAURANT )
INC, )
ENRIQUE BLANCO, )
JORGE BLANCO, )
    Defendants. )
_____

## PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES TO PLAINTIFF'S DISCOVERY AND FOR SANCTIONS[1]

COME NOW the Plaintiff, ORLANDO BALUJA, by and through the undersigned, pursuant to S.D.L.R. 26.1 and Federal Rules of Civil Procedure 26(b), 33, 34, 36, and 37(a), and files the above-described Motion to Compel Better Responses to Plaintiff's First Request for Production, First Set of Interrogatories, and First Request for Admissions, directed towards each Defendant, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, ENRIQUE BLANCO, and JORGE BLANCO ("Defendants"), and as grounds thereof states as follows:

1. Plaintiff, ORLANDO BALUJA, served Defendants, EL GALLEGO SPANISH

---

[1] Pursuant to the Court's Order [DEDE34], Plaintiff submits discovery requests as exhibits to motion to compel and does not include same herein as required under Southern District Local Rule 26.1(h)(2). *See attached hereto* Exhibit "A."

TAVERN RESTAURANT, INC, ENRIQUE BLANCO, and JORGE BLANCO, with their initial set of discovery including Plaintiff's First Request for Production, First Set of Interrogatories, and First Request for Admissions, on July 21, 2017.[2]

2. Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, and JORGE BLANCO, served their Responses to Plaintiff's Request for admissions on August 23, 2017, Responses to Plaintiff's First Request for Production[3] and Plaintiff's First Set of Interrogatories on August 30, 2017, and Amended Responses to Plaintiff's First Request for Production on September 5, 2017. *See attached hereto* Exhibit "A."

3. The individual Defendant, ENRIQUE BLANCO, as of this date of filing the instant Motion, has not responded to any of Plaintiff's initial discovery.

4. As set forth in more detail below, Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, and JORGE BLANCO, have objected to discovery germane to Plaintiff's FLSA overtime wage and better responses are needed for Plaintiff to establish a factual record to present to the Court and/or Jury. Plaintiff should be afforded an opportunity to review documents that would be found in the possession, custody, and control of Defendants so as to adequately prepare for Trial.

5. Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, and JORGE

---

[2] A responsive pleading to the Complaint has not come due as of the date of filing the instant Motion as to Defendant, El Gallego Spanish Restaurant, Inc.

[3] Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, and JORGE BLANCO, responses to Plaintiff's First Request for Production were responded to in bad faith. As can be seen by the attached, Defendants did not respond to any individual request, rather they made fifteen (15) general objections, applying those objections to each of the one hundred and twenty-five (125) requests, and failed to provide a single responsive document. *See attached hereto* Exhibit "A."

BLANCO, Responses to Plaintiff's discovery are in blatant bad faith on Defendants part. Plaintiff is seeking documents relevant and germane to FLSA coverage/subject matter jurisdiction (i.e. Request for Production Nos. 1-9), Plaintiff's hours worked (i.e. Request for Production Nos. 10-14), witnesses with relevant knowledge to Plaintiff's claims and Defendants' defenses (i.e. Interrogatory No. 3).[4]

6. Having conferred with Defendants and being unable to resolve the following disputes, Plaintiff herein respectfully requests the Court direct Defendants EL GALLEGO SPANISH TAVERN RESTAURANT, INC, and JORGE BLANCO, to comply with Local Rule 26.1(g) by providing an objection and/or response immediately following the quoted request, in addition toprovide a Privilege Log for each objection concerning attorney/client privilege, as well as better responses to Plaintiff's Interrogatories Nos.: 2, 3, 4, 5, 6, 7, 8, 10, within one week of the Court's Order, and that Plaintiff be awarded reasonable attorney's fees and costs accrued in connection with this Motion and all related work. Further, Plaintiff respectfully requests that the Court direct Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, and JORGE BLANCO, to provide better response to Plaintiff's Request for Production Nos.: 2 -50, 53, 53, 54, 89, 90, 92, 100, 108, 109, 110-116, within one week of the Court's Order, that Defendants' objections to the discovery requests be deemed waived, and that Plaintiff be awarded reasonable attorney's fees and costs accrued in connection with this Motion and all related work. Finally, Plaintiff respectfully requests the Court enter an Order compelling Defendant, ENRIQUE BLANCO, to respond to Plaintiff's First Request for Production, First Request for Admissions, and First Set of Interrogatories, that all admissions be deemed admitted, all objections be waived, and all responses be provided to same within one week of the Court's

---

[4] Undoubtedly Plaintiff's paystubs and time records are vital and central to the issues in this case as, aside from this being an overtime lawsuit filed under the FLSA.

Order, and that Plaintiff be awarded reasonable attorney's fees and costs accrued in connection with this Motion and all related work.

## MEMORANDUM OF LAW

Under Fed. R. of Civ. P. 33, 34, and 36, parties must respond to interrogatories and request for production within thirty (30) days of being served with the discovery, unless the parties stipulate to another date. According to Fed. R. of Civ. P, Rule 37(A) and (B), if a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. A party seeking discovery may move for an order compelling an answer, designation, production or inspection.

Rule 26(b) of the Federal Rules of Civil Procedure defines the scope of discovery as including "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b). The Federal Rules "strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.,* 758 F.3d 1545, 1547 (11th Cir. 1985). Information is relevant if it is "germane, conceivably helpful to plaintiff, or reasonably calculated to lead to admissible evidence." *Parsons v. General Motors Corp.,* 85 F.D.R. 724 (N.D. Ga. 1981); *See also Hickman v. Taylor,* 329 U.S. 495, 501 (1946). Discovery is not limited to the issues raised by the pleadings because discovery itself is designed to help define and clarify the issues. *Oppenheimer Fund, Inc. v. Sanders*, 437 US 340, 345 (1978). The Court must consequently employ a liberal and broad scope of discovery in keeping with the spirit and purpose of these rules. *Rosenbaum v. Becker &Poliakoff, P.A.,* 708 F. Supp. 2s 1304, 1306 (S.D. Fla. 2010) (collecting cases). To sustain a discovery objection, the party opposing production must show that the requested discovery has no possible bearing on the claims and defense raised in this case. *See, e.g., Wrangen v. Pa. LumbermansMut. Uns. Co.,* 593 F. Supp. 2d 1273, 1279 (S.D. Fla.

2008). This means that the party must demonstrate either that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosures. *Milinazzo v. State Farm Ins. Co.,* 247 F.R.D. 691, 695 (S.D. Fla. 2007). To show that the requested discovery is otherwise objectionable, the onus is on the party to demonstrate with specificity how the objected-to request is unreasonable or otherwise unduly burdensome. *Rossbachv. Rundle,* 128 F. Supp. 3d 1348, 1354 (S.D. Fla. 2000) (citing in part *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985).

The Federal rules allow for broad discovery, which does not need to be admissible at trial so long as "the discovery appears reasonably calculated to lead to the discovery of admissible evidence". See Fed. R. Civ. P. 26(b)(1); see also *Oppenheimer Fund, Inc. v. Sanders*, 437 US 340, 345 (1978). These Requests cannot be said to not be calculated to lead to the discovery of admissible evidence. Furthermore, "…the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to [a discovery request]. On the contrary, the party resisting discovery 'must show specifically how…each [discovery request] is not relevant or how each question is overly broad, burdensome, or oppressive.' *Josephs v. Harris Corp.,* 677 f.2D 985, 992 (3rd Cir. 1982); *See also Thermoset Corp. v. Bldg. Materials Corp. of Am.,* 2014 U.S. Dist. LEXIS 161343, 6-8 (S.D. Fla. Nov. 18, 2014).

A. <u>**Request for Production**</u>

Plaintiff reincorporates the law and facts as set forth above and in accordance with S.D.L.R. 26.1(i)(2), the following Plaintiff respectfully request the Court to compel Defendants,

EL GALLEGO SPANISH TAVERN RESTAURANT, INC, and JORGE BLANCO, to respond to the following Request for Production:

**Request for Production Nos.  2, 3, 4, 5, 6, 15, 23, 89, 90, 92, 108, 109, 110, 111, 112, 113, 114, 115, 116:**

Plaintiff must be permitted to proceed with this matter via discovery. At this juncture, it is vital to allow Plaintiff the opportunity to complete his due diligence regarding the $500,000 monetary threshold requirement as well as interstate commerce (i.e. reviewing all documents used to prepare its tax return filed (with the IRS and state of Florida), including, but not limited to, a copy of all documents used to prepare said taxes including, but not limited to, all quarterly reports, 940 Forms, UCT6 Forms, "Florida Sales and Use Tax Returns" and monthly DR-15ez filed with the Florida Department of Revenue, bank statements, receipts, etc. Financial information is usually to be found in employer's hands: not ordinarily within a lower-level worker's knowledge. *See, Pizza Zone Italian Grill & Sports Bar, Inc. supra*. These are documents that are relied on in the preparation and filing of Defendants' taxes and go directly to the veracity of said taxes.

As stated in *Donovan v. I-20 Motels, Inc*., 664 F.2d 957 (5th Cir. 1981), under the rolling quarter method "if an employer's business exceeds the dollar volume requirement in any calendar year, the business will be presumed to be covered in the next year".  To rebut such presumption, a defendant-employer would need to show that following year is below the monetary threshold.  See, 29 CFR 779.266.  For example, if a business in 2012 reached the $500,000 threshold, it would be presumed the threshold was met in 2013; but the presumption could be rebutted if the business closed in 2013 and it was conclusively shown the threshold was not met (although the year was not yet over and taxes were not filed).

In the case at bar, the documents sought by Plaintiff are not overbroad and are necessarily

tailored to the claims as presented. Plaintiff is entitled to review all documents relied on and utilized in preparation of Defendants tax return for (2012) under the rolling quarter method, which is a vehicle that can be used to establish the $500,000 threshold. *See Donovan v. I-20 Motels, Inc.*, 664 F.2d 957 (5th Cir. 1981); *See also, Exime v. E.W. Ventures, Inc. et al.*, 591 F. Supp.2d 1364, 1374 (S.D. Fla. 2008) regarding the rolling quarter method and the "express language" 29 CFR 779.266.

Plaintiff is entitled to an adequate opportunity for a meaningful review and analysis of Defendant's financial information to explore the business done and stacking of income.[5] Plaintiff is entitled to explore the corporation in relation to both prongs of FLSA enterprise coverage independent of the Corporate Defendant and individual Defendant in the instant matter. Defendants have used the same duplicative answer for each and every request. Further, "such boilerplate objections, without more, "are inadequate and tantamount to not making any objections at all." *Sherwin-Williams Co. v. JB Collision Servs, Inc.,* Case Nos. 13-1946-CIV-LAB (WVG) and 13-1947-CIV-LAB (WVG), 2014 U.S. Dist. LEXIS 93368, 2014 WL 3388871, at *2 (S.D. Cal. July 9, 2014) (internal quotation marks and citations omitted); *See also Mills v. East Gulf Coast Preparation Co., LLC,* 259 F.R.D. 118, 132 (S.D.W. Va. 2009)

---

[5]*See, Wirtz v. Savannah Bank & Trust Co*., 5 Cir., 362 F.2d 857." *Wirtz v. First Nat'l Bank & Trust Co*., 365 F.2d 641 (10th Cir. 1966).Review of 29 U.S.C. Section 203(k) and related case law make it clear Plaintiffneeds access to all of Defendants' contracts from the relevant period even if Defendants' customers defaulted on them; unless Defendants will all stipulate that the $500,000 threshold is met.  Plaintiff needs access to all Defendants' records regarding these issues.  As to the $500,000 Plaintiff also refers to stacking of income.  *See, Brennan v Patio Cleaners, Inc.* (1974, SD Ohio) 373 F Supp 987. *Dunlop v Mother Hubbard's Kitchen, Inc.* (1976, ED Mo) 418 F Supp 34, 79CCH LC P 33451.   Due to the joint employer theory and common business purpose among the Defendants, the $500,000 threshold met by one of the Defendants can be imputed to the others.  *See also, Nelson v Long Lines Ltd*. (2004, ND Iowa) 335 F Supp 2d 944, 9 BNA WH Cas 2d 1754.  Thus Plaintiff must have a chance to review and analyze evidence regarding same regarding the Defendants.

("Objections to [discovery requests] must be stated specifically, and boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable."). Defendants' objections are merely repetitions of the same phrase and do not allege with specificity as to what parts of the questions is being objected to. This is frowned upon by other Courts in the Southern District as it does not comply with the requirements set out by Local Rule 26.1(g)(3)(A). *See* Magistrate Judge Hunt's General Discovery Order at [DE 8] in 13-81274-CIV-SELTZER. Additionally, Defendants' object on the basis that Defendant EL GALLEGO SPANISH TAVERN RESTAURANT INC is a Florida corporation formed on September 1, 2016, and therefore would have no records prior to said date. However, the individual Defendant, JORGE BLANCO , who appeared on behalf of himself and the 30(b)(6) Corporate Representative for the Corporate Defendant, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, testified at deposition and subject to the penalties of perjury that said Corporation operated and filed taxes prior to said date. Therefore, the Court should direct Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, and JORGE BLANCO, to better respond to Request for Production Nos. 2, 3, 4, 5, 6, 15, 23, 89, 90, 92, 108, 109, 110, 111, 112, 113, 114, 115, 116.

**Request for Production Nos.6, 7, 8, 9, 40, 65:**

Plaintiff reincorporates the law and facts as set forth above. All of Defendant, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, and JORGE BLANCO, objections contend by a form objection that the Requests are vague. Contrary to Defendants' position, there is nothing vague about the Requests. These requests are requesting critical information (i.e. video tapes of the premises, email correspondence, etc.) which would demonstrate whether Plaintiff was on the premises during the hours they allege they were working and whether they were conducting work while on the premises. Defendants bear the burden of showing the

vagueness or ambiguity of a request and "should exercise reason and common sense to attribute ordinary definitions to terms and phrases used in interrogatories." *Deakins v. Pack*, No. 10-1396, 2012 WL 242859 at *12 (S.D. WV January 25, 2012). While *Deakins* specifically was about interrogatories, applying the same logic to requests for production would be within the spirit of Local Rule 26.1(g)(3)(A). Defendants also object to the Requests on the grounds they are irrelevant. However, this position is without merit. All the requests objected to go directly to Plaintiff claims for overtime and minimum wages and retaliation. Also, Defendants objections are misplaced. These Requests contain basic discovery Plaintiff is entitled to obtain to avoid surprises at Trial. The requested financial documents would reflect information relevant to interstate commerce and reveal where Defendants' supplies are purchased, manufactured, etc. For example, it would include uniforms, computers, office expenses, supplies, automobile and truck cleaning supplies and expenses, and other such expenses which are directly relevant to Defendants' dispute regarding interstate commerce and regarding whether Plaintiff was an independent contractors/seasonal employees. Defendant's bank statements would also reflect what products were purchased and from where (i.e. Eagle Beer, Jetro, Quirch Foords, etc.) and what specifically was purchased at each distributer. Further, the requested documents are necessary to establish a record to present to the Jury of the volume of business in relation to the wages paid to Plaintiff, which would support Plaintiff's overtime claims to the extent Plaintiff was involved (based on the volume of business done an inference can be made as to the amount of hours Plaintiff was required to work for Defendant). Therefore, the Court should direct Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, and JORGE BLANCO, to better respond to Request for Production Nos. 6, 7, 8, 9, 40, 65.

**Request for Production Nos. 11, 12, 13, 20, 21, 22,30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50:**

Plaintiff reincorporates the law and facts as set forth above. All of Defendants' objections cite that the Requests are vague. Contrary to Defendants' position, there is nothing vague about the Requests.  These requests are requesting critical information (i.e. video tapes of the premises, email correspondence, etc.) which would demonstrate whether Plaintiff is on the premises during the hours they allege they were working and whether they were conducting work while on the premises. Defendants bear the burden of showing the vagueness or ambiguity of a request and "should exercise reason and common sense to attribute ordinary definitions to terms and phrases used in interrogatories." *Deakins v. Pack*, No. 10-1396, 2012 WL 242859 at *12 (S.D. WV January 25, 2012). While *Deakins* specifically was about interrogatories, applying the same logic to requests for production would be within the spirit of Local Rule 26.1(g)(3)(A). Defendants also object to the Requests on the grounds they are irrelevant. However, this position is without merit. All the requests objected to go directly to Plaintiff claims for overtime and minimum wages and retaliation. Also, Defendants objections are misplaced. This Request contains basic discovery Plaintiff is entitled to obtain to avoid surprises at Trial.. "such boilerplate objections, without more, "are inadequate and tantamount to not making any objections at all." *Sherwin-Williams Co. v. JB Collision Servs, Inc.,* Case Nos. 13-1946-CIV-LAB (WVG) and 13-1947-CIV-LAB (WVG), 2014 U.S. Dist. LEXIS 93368, 2014 WL 3388871, at *2 (S.D. Cal. July 9, 2014) (internal quotation marks and citations omitted); *See also Mills v. East Gulf Coast Preparation Co., LLC,* 259 F.R.D. 118, 132 (S.D.W. Va. 2009) ("Objections to [discovery requests] must be stated specifically, and boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable."). Defendants' objections that were interposed are spurious and/or nondescript at best. The Federal rules allow for broad discovery, which does not need to be admissible at trial so long as "the discovery appears reasonably calculated to lead to

the discovery of admissible evidence". *See,* Fed. R. Civ. P. 26(b)(1); see also *Oppenheimer Fund, Inc. v. Sanders*, 437 US 340, 345 (1978). These Requests cannot be said to not be calculated to lead to the discovery of admissible evidence. Furthermore, "…the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to [a discovery request]. On the contrary, the party resisting discovery 'must show specifically how…each [discovery request] is not relevant or how each question is overly broad, burdensome, or oppressive.' *Josephs v. Harris Corp.,* 677 f.2D 985, 992 (3rd Cir. 1982); *See also Thermoset Corp. v. Bldg. Materials Corp. of Am.,* 2014 U.S. Dist. LEXIS 161343, 6-8 (S.D. Fla. Nov. 18, 2014). It is unclear how these Requests are not relevant to Plaintiff's claims nor reasonably calculated to lead to the discovery of relevant or admissible evidence as this is directly relevant to issues related to whether Defendants acted in good faith and/or knowingly or willfully disregarded their obligations under the FLSA. This is clearly relevant to Plaintiff's accrued. Therefore, the Court should direct Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, and JORGE BLANCO, to better respond to Request for Production Nos.11, 12, 13, 20, 21, 22, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50.

**Request for Production Nos. 10, 22, 24, 29, 36, 37, 53, 54:**

Plaintiff reincorporates the law and facts as set forth above. It is unclear how these Requests are not relevant to Plaintiff's claims nor reasonably calculated to lead to the discovery of relevant or admissible evidence as this is directly relevant to issues related to whether Defendants acted in good faith and/or knowingly or willfully disregarded their obligations under the FLSA. This is clearly relevant to Plaintiff's claim.Therefore, the Court should direct Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, and JORGE BLANCO, to better

respond to Request for Production Nos.10, 22, 24, 29, 36, 37, 53, 54.

**Request for Production Nos. 14, 31:**

Plaintiff reincorporates the law and facts as set forth above. Further, Plaintiff should not be barred from having relevant information which can be used in deposing key witnesses because Defendants believe Plaintiffhas the information they need from Defendants' cherry-picked witnesses. Therefore, the Court should direct Defendants to better respond to Request for Production Nos. 14, 31 and provide all responsive documents to same.Therefore, the Court should direct Defendants to better respond to Request for Production Nos. 14, 31.

**Request for Production Nos. 17, 100:**

Plaintiff reincorporates the law and facts as set forth above. Further, the responsive documents requested in Request Nos. 17 and 100 are directly relevant to assist in determining the individual Defendant's Liability. Therefore, the Court should direct Defendants to better respond to Request for Production Nos. 17, 100 and provide all responsive documents to same.Therefore, the Court should direct Defendants to better respond to Request for Production Nos. 17, 100.

**Request for Production Nos. 41, 42, 45:**

Plaintiff reincorporates the law and facts as set forth above. If there are issues related to confidentiality in any agreements reached then Defendants need to follow the Federal Rules and file a Privilege Log, which they have failed to do. Therefore, the Court should direct Defendants to better respond to Request for Production No. 41, 42, 45 and provide all responsive documents to same.

B. **Interrogatories:**

In accordance with S.D.L.R. 26.1(i)(2), the following Plaintiff respectfully request the Court to compel all Defendants to respond to the following Interrogatories:

**Interrogatory No. 2:** Plaintiff reincorporates the law and facts as set forth above. Specifically, the request asks for Plaintiff's overtime wages during the entire employment and/or working relationship as well as the working relationship between the plaintiff and Defendant. Defendants in their response neglected this part of the question and have refused to amend to include the complete response. This goes directly relevant to Defendants' dispute regarding interstate commerce and regarding whether Plaintiff was an independent contractors/seasonal employees. Therefore, the Court should direct Defendants to better respond to Interrogatory No. 2.

**Interrogatory Nos. 3, 7, 8:** Plaintiff reincorporates the law and facts as set forth above. The Interrogatory seeks for Defendants to list witnesses AND their addresses. Defendants answer is non-responsive. Defendants continue their bad faith discover tactics by refusing to produce any witnesses and refusing to provide these witnesses address, making it impossible for Plaintiff to subpoena individuals germane to the case at bar. Further, Defendants named at least ten (10) additional witnesses at their deposition which are not included in Defendants responses. Defendants further state that the "entity sued in this action has only been in existence since September of 2016." However, this is in direct contradiction to defendants own testimony given under oath and subject to the penalties of perjury. Therefore, the Court should direct Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, and JORGE BLANCO, to better respond to Interrogatory Nos. 3, 7, 8.

**Interrogatory No. 4:** Plaintiff reincorporates the law and facts as set forth above. The request specifically seeks the name and contact information of the Defendants' accountant as well as the individual in charge of Defendants pay roll. Defendants response is unclear as to whether individual named is Defendants' account, individual in charge of pay roll, or both.

Therefore, the Court should direct Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, and JORGE BLANCO, to better respond to Interrogatory No. 4.

**Interrogatory No. 5:** Plaintiff reincorporates the law and facts as set forth above. Defendants answer is non-responsive. Plaintiff's interrogatory requests the response state a factual basis for each alleged exemption. Defendant fails to specify any facts, only note that affirmative defenses and exemption speak for themselves. Therefore, the Court should direct Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, and JORGE BLANCO, to better respond to Interrogatory No. 5.

**Interrogatories Nos. 6:** Plaintiff reincorporates the law and facts as set forth above. Defendants note that Defendants have already provided a comprehensive list of suppliers to the Plaintiff during the deposition of the same date, yet the deposition occurred after the interrogatories were responded to, making said answer an impossible at the time interrogatories were responded to. Furthermore, Plaintiff's are entitled to a list of Defendants suppliers to conduct deposition duces tecum as Defendants are disputing interstate commerce. Therefore, the Court should direct Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, and JORGE BLANCO, to better respond to Interrogatory No. 6.

**Interrogatories Nos. 10:** Plaintiff reincorporates the law and facts as set forth above. The response is incomplete as the request specifically states "please include the dates, times, locations, and specific content of communications, whether oral or written". Defendants have not stated any of the above in their response. Therefore, the Court should direct Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, and JORGE BLANCO, to better respond to Interrogatory No. 10.

C. **Sanctions:**

The Court ought to sanction Defendants as follows pursuant to Rule 37(a)(4)(A):

> …the Court **shall**, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court find that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objections was substantially justified, or that other circumstances make an award of expenses unjust.

Plaintiff needs the said Request for Production and Interrogatory responses, including all responsive documents to same, to establish a factual record that can be presented to the Court and/or Jury. Further, Plaintiff moves for sanctions pursuant to Federal Rule of Civil Procedure 37. The conduct by Defendants in the case at hand can only be considered to have been done in bad faith. *DeVaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1159 (11th Cir. Ala. 1993) (sanctions under rule 37 should not be imposed lightly or without fair notice and an opportunity for a hearing on the record).

> The key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (citing In re Mroz, 65 F.3d 1567, 1575 (11th Cir. 1995) re *Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995)). "Because the court's inherent power is so potent, it should be exercised 'with restraint and discretion.'" *Byrne*, 261 F.3d at 1106 (citing *Chambers*, 501 U.S. at 50).

*SEC v. Creative Capital Consortium, LLC*, 2009 U.S. Dist. LEXIS 116312, *14 (S.D. Fla. Nov. 24, 2009). Therefore, the Court in the case at hand should only award sanctions if it finds that the actions of Defendants and/or their counsel was done in bad faith. In determining whether a Parties conduct amounts to bad faith, the Court's have stated:

> Bad faith can be found where the court finds that a ". . . fraud has been practiced upon it, or that the very temple of justice has been defiled," where a party delays or disrupts the litigation, or hampers the enforcement of a court order, or where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. *See Chambers,* 501 U.S. at 46; *Barnes,* 158 F.3d at 1214 (*citation omitted*). In determining whether sanctions should be awarded under the bad faith standard, "the inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case." *Rothenberg v. Sec. Mgmt Co., Inc.,* 736 F.2d 1470, 1472 (11th Cir. 1984).

*SEC v. Creative Capital Consortium, LLC*, 2009 U.S. Dist. LEXIS 116312, *14 (S.D. Fla. Nov. 24, 2009). In the case at hand, Defendants and Defense counsel have acted in bad faith. As such, reasonable attorney's fees should be awarded to Plaintiff for Defendants bad faith conduct in answering Plaintiff's discovery

WHEREFORE Plaintiff herein respectfully requests the Court direct Defendants EL GALLEGO SPANISH TAVERN RESTAURANT, INC, and JORGE BLANCO, to comply with Local Rule 26.1(g) by providing an objection and/or response immediately following the quoted request, in addition to provide a Privilege Log for each objection concerning attorney/client privilege, as well as better responses to Plaintiff's Interrogatories Nos.: 2, 3, 4, 5, 6, 7, 8, 10, within one week of the Court's Order, and that Plaintiff be awarded reasonable attorney's fees and costs accrued in connection with this Motion and all related work. Further, Plaintiff respectfully requests that the Court direct Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, and JORGE BLANCO, to provide better response to Plaintiff's Request for Production Nos.: 2 -50, 53, 53, 54, 89, 90, 92, 100, 108, 109, 110-116, within one week of the Court's Order, that Defendants' objections to the discovery requests be deemed waived, and that Plaintiff be awarded reasonable attorney's fees and costs accrued in connection with this

Motion and all related work. Finally, Plaintiff respectfully requests the Court enter an Order compelling Defendant, ENRIQUE BLANCO, to respond to Plaintiff's First Request for Production, First Request for Admissions, and First Set of Interrogatories, that all admissions be deemed admitted, all objections be waived, and all responses be provided to same within one week of the Court's Order, and that Plaintiff be awarded reasonable attorney's fees and costs accrued in connection with this Motion and all related work.

## CERTIFICATE OF CONFERRAL

Plaintiff's counsel has conferred with Defense Counsel, Javier Baños Machado, Esq, CPA., who has not agreed to provide better responses and responsive documents.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Neil Tobak___
Neil Tobak, Esquire
Florida Bar No.: 093940

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 9/18/17 TO:**

**JAVIER BANOS MACHADO, ESQ.
JAVIER BANOS ESQ PA
3126 CORAL WAY
MIAMI, FL 33145
PH: 305-519-5581
FAX: 3054031061
EMAIL: JBANOS@MSN.COM**

**BY: /s/ Neil Tobak**
         **NEIL TOBAK, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-22135-CIV-AOR

[CONSENT CASE]

ORLANDO BALUJA and all others similarly )
situated under 29 U.S.C. 216(b), )
      Plaintiff, )
  vs. )
EL GALLEGO SPANISH TAVERN )
RESTAURANT, INC., )
EL GALLEGO SPANISH RESTAURANT )
INC, )
ENRIQUE BLANCO, )
JORGE BLANCO, )
Defendants. )
_____

**<u>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES TO PLAINTIFF'S DISCOVERY AND FOR SANCTIONS</u>**

This cause, having come before the Court on the above-described Motion, and the Court being duly advised in the premises, it is ORDERED AND ADJUDGED that said Motion is granted and therefore:

1. DEFENDANTS, ENRIQUE BLANCO SHALL RESPOND WITHOUT OBJECTIONS AND PROVIDE ALL RESPONSIVE DOCUMENTS TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, FIRST REQUEST FOR PRODUCTION, AND FIRST SET OF INTERROGATORIES ON OR BEFORE _____, 2017. ALL ADMISSIONS ARE DEEMED ADMITTED AND ALL OBJECTIONS ARE DEEMED WAIVED.

2. DEFENDANTS, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, AND JORGE BLANCO SHALL PROVIDE BETTER RESPONSES TO PLAINTIFF'S INTERROGATORIES NOS.: 2, 3, 4, 5, 6, 7, 8, 10, ON OR BEFORE _____, 2017.

DEFENDANTS' OBJECTIONS TO SAID DISCOVERY REQUESTS ARE DEEMED WAIVED.

3. DEFENDANTS, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, AND JORGE BLANCO, SHALL PROVIDE BETTER RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION NOS.: 2-50, 53, 53, 54, 89, 90, 92, 100, 108, 109, 110-116, ON OR BEFORE _____, 2017. DEFENDANTS' OBJECTIONS TO SAID DISCOVERY REQUESTS ARE DEEMED WAIVED.

4. PLAINTIFF IS AWARDED REASONABLE ATTORNEY'S FEES AND COSTS ACCRUED IN CONNECTION WITH THIS MOTION AND ALL RELATED WORK AGAINST DEFENDANTS, EL GALLEGO SPANISH TAVERN RESTAURANT, INC., ENRIQUE BLANCO, AND JORGE BLANCO, JOINTLY AND SEVERALLY. PLAINTIFF IS HEREBY AWARDED SANCTIONS FOR ALL FEES AND COSTS ASSOCIATED WITH THE ABOVE-DESCRIBED MOTION. PLAINTIFF SHALL FILE WITHIN (20) DAYS OF THIS ORDER A MOTION REQUESTING ASSESSMENT BASED ON FIGURES TO BE PROVIDED BY PLAINTIFF REGARDING ALL REASONABLE FEES AND COSTS.

DONE AND ORDERED IN CHAMBERS IN MIAMI-DADE, FLORIDA, ON THIS _____ DAY OF _____, 2017.

_____
ALICIA OTAZO-REYES
UNITED STATED MAGISTRATE JUDGE

Copies to: Counsel of Record