UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-22135-CIV-AOR

[CONSENT CASE]

ORLANDO BALUJA and all others similarly
situated under 29 U.S.C. 216(b),
    Plaintiff,
vs.
EL GALLEGO SPANISH TAVERN
RESTAURANT, INC.,
EL GALLEGO SPANISH RESTAURANT
INC,
ENRIQUE BLANCO,
JORGE BLANCO,
Defendants.
_____

**PLAINTIFF'S REPLY TO [DE44]**

    COMES NOW the Plaintiff, by and through the undersigned, and hereby Replies to Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, ENRIQUE BLANCO, and JORGE BLANCO ("Defendants"), Response Brief in Opposition to Plaintiff's Motion to Compel, filed by Defendants as [DE44], and as grounds thereof states as follows:

1. Plaintiff served Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, ENRIQUE BLANCO, and JORGE BLANCO, with their initial set of discovery including Plaintiff's First Request for Production, First Set of Interrogatories, and First Request for Admissions, on July 31, 2017.[1]

2. By their own admission, the individual Defendant, ENRIQUE BLANCO, has failed to respond to the written discovery propounded on him through to the date of filing the

---

[1] Plaintiff's Motion inadvertently had a scrivener's error regarding the date of service of Plaintiff's initial discovery which is herein corrected. However, the relief sought by Plaintiff is maintained by the pending Motion and is unaffected by said inadvertent scrivener's error.

Page **1** of **10**

instant Reply and purportedly he will he be unable to do so. Defendant, ENRIQUE BLANCO, has not filed a Motion for Protective Order or otherwise moved this Court for relief from his obligations to comply with deadlines nor have Defendants provided any supporting documents as to their representations with regards to same. Further, Defendant, ENRIQUE BLANCO, is a necessary witness regarding the allegations made in the most recent Complaint regardless of whether he remains a named party-Defendant. The Parties are in conferral regarding the proposed consent judgment however Plaintiff seeks the documents in the interim as they are relevant to the issues in the case at bar. **As such, should the Parties be unable to reach a resolution as to Defendant, ENRIQUE BLANCO, Plaintiff respectfully requests that all objections be found to be waived and that Defendant, ENRIQUE BLANCO, be Ordered to serve his responses and all responses documents to same within one week of the Court's Order, and that Plaintiff be awarded reasonable attorney's fees and costs accrued in connection with this Motion and all related work.**

3. Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, and JORGE BLANCO, served their Responses to Plaintiff's Request for admissions on August 23, 2017, Responses to Plaintiff's First Request for Production and Plaintiff's First Set of Interrogatories on August 30, 2017, and Amended Responses to Plaintiff's First Request for Production on September 5, 2017.

4. As to Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, and JORGE BLANCO, responses to Plaintiff's First Request for Production same were initially responded to in bad faith. Defendants did not respond to any individual request, rather they made fifteen (15) general objections, applying those objections to each of the

    one hundred and twenty-five (125) requests, and failed to provide a single responsive document.

5. Said Responses to Plaintiff's discovery were made in such blatant bad faith on Defendants part, that all objections should be deemed waived. Moreover, Plaintiff is seeking documents relevant and germane to FLSA coverage/subject matter jurisdiction (i.e. Request for Production Nos. 1-9), Plaintiff's hours worked (i.e. Request for Production Nos. 10-14), witnesses with relevant knowledge to Plaintiff's claims and Defendants' defenses (i.e. Interrogatory No. 3)[2] and Plaintiff is entitled to same. Defendants' objections are nonspecific, boilerplate objections and do not comply with Local Rule 26.1(e)(2)(A), which provides that "Where an objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived."

6. It is disingenuous for Defendants to contend that Plaintiff has failed to provide any list of what portions of the discovery he felt had gone unanswered. *See,* [DE44, ¶ 11]. Not only are Defendants responses to discovery in blatant bad faith, said Responses also completely disregard the fact that the Federal Rules allow for broad discovery that need not be admissible at trial. *See*, Fed. R. Civ. P. 26; S.D. Fla. L.R. 26.1; *See also, Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351–52 (1978).

---

[2] For example, undoubtedly Plaintiff's paystubs and time records are vital and central to the issues in this case as, aside from this being an overtime lawsuit filed under the FLSA. Should same not be in Defendants' possession, custody, and control, Defendants should respond "none."

7. Plaintiff has continued to confer with Defendants to attempt to resolve the issues in dispute, including advising Defendants that Plaintiff has set forth in his Motion the exact responses as issue, however Defendants have still failed to provide better responses and/or responsive documents to same.

8. Federal Rules of Civil Procedure 36(b)(2)(C) states that "An objection must state **whether** any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." (emphasis supplied). Moreover, the official Advisory Committee Notes to the 2015 Amendment to Rule 34 (effective December 1, 2015) say:

> "Rule 34(b)(2)(C) is amended to provide that an objection to a Rule 34 request must state **whether anything is being withheld on the basis of the objection.** This amendment should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant information has been withheld on the basis of the objections. The producing party does **not** need to provide a detailed description or log of all documents withheld, but does need to **alert** other parties to **the fact** that documents have been withheld and thereby facilitate an informed discussion of **the objection.** An **objection** that states the limits that have controlled the search for responsive and relevant materials **qualifies as a statement that the materials have been withheld.**"(emphasis supplied).

9. The rule and its official notes *unequivocally* make clear that a responding party may object and *also* provide documents by simply alerting the requesting party to the fact that some documents have been withheld. *See also, Castillo v. La Mansion Del Bakery, LLC, et al.,* Case No.: 16-23053-CIV-MARTINEZ/GOODMAN [DE30].

10. Despite the clear Rules, Defendants' Responses to Plaintiff's First Request for Production are replete with unwarranted objections and do not make it clear whether or not Defendants are withholding documents. Defendants' Responses and meritless objections were made in bad-faith which is further corroborated by the fact that Defendants made objections when in fact there may be no documents in existence thus vexatiously multiplying the fees, on both sides, associated with conferral and motion practices unnecessarily.

11. The documents sought by Plaintiff in response to written discovery served on Defendants are germane not only to Plaintiff's claims (i.e. bank records would show monies paid to Plaintiff, the $500,000 monetary threshold requirement for FLSA coverage/subject-matter jurisdiction, etc.) but are also directly related to Defendants' Affirmative Defenses (i.e. whether Defendants acted in "good faith", whether Plaintiff was an "employee," etc.).

12. Defendants are refusing to provide Plaintiff with production (i.e. all documents used to prepare said taxes, all quarterly reports, bank statements, etc.), which goes directly towards Defendants' contentions that Plaintiff was an independent contractor rather than an "employee" as defined by the Act. For example, Schedule L of Federal Tax Returns reflect "inventories," "trade notes and accounts receivables," "depletable assets," and "other assets." Schedule M-1 reflects "expenses recorded on the books this year not deducted on this return (itemize)." The underlying documents provided to Defendants' accountant would reflect Defendants' inventories such as cleaning supplies and other purchases of goods and materials used by Plaintiff and/or other employees of Defendants. Defendants' bank statements would also reflect what products were purchased and from

where, what specifically was purchased at each distributor, and who was the funding source for said purchases. *See, Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1319 (D. Fla 2001) (the third prong is regarding employee's investment in equipment or materials required to his task, or employment of helpers).[3] The aforementioned responsive financial documents would also reflect how Defendants classified Plaintiff and what amounts of money Defendants were paying Plaintiff and whether he was classifying other domestic employees as 1099 employees or not classifying them at all. *See, Garcia v. Luis Innovation Construction LLC, et al.,* Case No.: 15-24664-MGC [DE56]; *See also, Nieves, et al. v. Andres Rodriguez, et al.,* Case No.: 16-20161-JEM,

13. Plaintiff therefore respectfully requests the Court direct Defendants EL GALLEGO SPANISH TAVERN RESTAURANT, INC, and JORGE BLANCO, to comply with Local Rule 26.1(g) by providing an objection and/or response immediately following the quoted request, in addition to provide a Privilege Log for each objection concerning attorney/client privilege, as well as better responses to Plaintiff's Interrogatories Nos.: 2, 3, 4, 5, 6, 7, 8, 10, within one week of the Court's Order, and that Plaintiff be awarded reasonable attorney's fees and costs accrued in connection with this Motion and all related work. Further, Plaintiff respectfully requests that the Court direct Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, and JORGE BLANCO, to provide better response to Plaintiff's Request for Production Nos.: 2 -50, 53, 53, 54, 89,

---

[3] In applying the "economic realities test," the Court should consider the following factors: (1) the nature and degree of control of the workers by the alleged employer; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skills; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; (4) whether the service rendered required a special skill; (5) the degree of permanence of the working relationship; and (6) whether the service rendered is an integral part of the alleged employer's business. *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1319 (D. Fla 2001).

90, 92, 100, 108, 109, 110-116, within one week of the Court's Order, that Defendants' objections to the discovery requests be deemed waived, and that Plaintiff be awarded reasonable attorney's fees and costs accrued in connection with this Motion and all related work. Finally, Plaintiff respectfully requests the Court enter an Order compelling Defendant, ENRIQUE BLANCO, to respond to Plaintiff's First Request for Production, First Request for Admissions, and First Set of Interrogatories, that all admissions be deemed admitted, all objections be waived, and all responses be provided to same within one week of the Court's Order, and that Plaintiff be awarded reasonable attorney's fees and costs accrued in connection with this Motion and all related work.

## **MEMORANDUM OF LAW**

An employee, as defined by 29 U.S.C. § 203(e)(1), is any individual employed by an employer. An employer includes any person acting directly or indirectly in the interest of an employer in relation to the employee. 29 U.S.C. § 203(d). An employment relationship is decided by applying the "economic realties test." *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1319 (D. Fla 2001). In applying the "economic realities test," the Court should consider the following factors: (1) the nature and degree of control of the workers by the alleged employer; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skills; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; (4) whether the service rendered required a special skill; (5) the degree of permanence of the working relationship; and (6) whether the service rendered is an integral part of the alleged employer's business. *See, Santelices, supra.*

It is necessary for Plaintiff to complete his due diligence with regards to Defendants' contentions that Plaintiff was an independent contractor and not Defendants' employee. The

aforementioned responsive financial documents would also reflect how Defendants classified Plaintiff and what amounts of money they were paying Plaintiff and by what means. *See Garcia v. Luis Innovation Construction LLC, et al.,* Case No.: 15-24664-MGC [DE56]; *See also Nieves v. Rodriguez, et al.,* Case No. 16-20161-CIV-MARTINEZ/GOODMAN [DE68 & 81]. Further, the requested documents are necessary to establish a record to present to the Jury of the volume of business in relation to the wages paid to Plaintiff, which would support Plaintiff's overtime claims to the extent Plaintiff was involved (based on the volume of business done an inference can be made as to the amount of hours Plaintiff was required to work for Defendants).

**Sanctions:**

Sanctions are warranted against Defendant for making baseless objections and not making it clear whether Defendant was withholding documents or not. *See*, Fed.R.Civ.P.37; *See also,* Fed.R.Civ.P. 36(b)(2)(C). In the case at hand, Defendants and their counsel have acted in bad faith by refusing to response to request for production and provide responsive documents to requests that are directly relevant to Plaintiff's claims and Defendants' Answer and Affirmative Defenses. In their Response in Opposition [DE44], Defendants set forth for the Court that particular documents being requested do not exist but have not amended their Responses to Plaintiff's written discovery to reflect same making Plaintiff uncertain and it confusing as to whether particular documents exist but are being withheld or do not exist at all.

WHEREFORE Plaintiff herein respectfully requests the Court direct Defendants EL GALLEGO SPANISH TAVERN RESTAURANT, INC, and JORGE BLANCO, to comply with Local Rule 26.1(g) by providing an objection and/or response immediately following the quoted request, in addition to provide a Privilege Log for each objection concerning attorney/client privilege, as well as better responses to Plaintiff's Interrogatories Nos.: 2, 3, 4, 5, 6, 7, 8, 10,

within one week of the Court's Order, and that Plaintiff be awarded reasonable attorney's fees and costs accrued in connection with this Motion and all related work. Further, Plaintiff respectfully requests that the Court direct Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, and JORGE BLANCO, to provide better response to Plaintiff's Request for Production Nos.: 2 -50, 53, 53, 54, 89, 90, 92, 100, 108, 109, 110-116, within one week of the Court's Order, that Defendants' objections to the discovery requests be deemed waived, and that Plaintiff be awarded reasonable attorney's fees and costs accrued in connection with this Motion and all related work. Finally, Plaintiff respectfully requests the Court enter an Order compelling Defendant, ENRIQUE BLANCO, to respond to Plaintiff's First Request for Production, First Request for Admissions, and First Set of Interrogatories, that all admissions be deemed admitted, all objections be waived, and all responses be provided to same within one week of the Court's Order, and that Plaintiff be awarded reasonable attorney's fees and costs accrued in connection with this Motion and all related work.

    Respectfully submitted,

    J. H. ZIDELL, P.A.
    ATTORNEYS FOR PLAINTIFF
    300-71ST STREET, SUITE 605
    MIAMI BEACH, FLORIDA 33141
    305-865-6766
    305-865-7167

    By:_s/ Neil Tobak___
    Neil Tobak, Esquire
    Florida Bar No.: 093940

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT
COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 10/3/17 TO:**

**JAVIER BANOS MACHADO, ESQ.**
**JAVIER BANOS ESQ PA**
**3126 CORAL WAY**
**MIAMI, FL 33145**
**PH: 305-519-5581**
**FAX: 3054031061**
**EMAIL: JBANOS@MSN.COM**

**BY:  /s/     Neil Tobak                        **
           **NEIL TOBAK, ESQ.**