UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-22135-CIV-OTAZO-REYES

[CONSENT CASE]

ORLANDO BALUJA and all others similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

vs.

EL GALLEGO SPANISH TAVERN RESTAURANT, INC.,
EL GALLEGO SPANISH TAVERN RESTAURANT, INC.,
EL GALLEGO SPANISH RESTAURANT INC,
ENRIQUE BLANCO,
JORGE BLANCO,

    Defendants.

_____

**SECOND AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 MINIMUM WAGE VIOLATIONS AND FLORIDA MINIMUM WAGE UNDER FLORIDA STATUTE § 448.110 PER THE COURT'S ORDER [DE52][1]**

Plaintiff, ORLANDO BALUJA on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Second Amended Complaint against Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC., EL GALLEGO SPANISH TAVERN RESTAURANT, INC., EL GALLEGO SPANISH RESTAURANT INC, ENRIQUE BLANCO, and JORGE BLANCO,[2] and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

---

[1] This Second Amended Complaint is being filed in accordance with the Court's Order [DE52].

[2] Plaintiff reserves the right to amend the Complaint to allege joint employer and joint enterprise as to all the Defendants should the facts adduced in discovery justify same. *See,* 29 U.S.C. 203(r).

**1** of **13**

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant antecessor EL GALLEGO SPANISH TAVERN RESTAURANT, INC. ("antecessor") was a corporation that regularly transacted business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's employment period from on or about May 31, 2012 through on or about December 31, 2014.

4. The individual Defendant ENRIQUE BLANCO was a corporate officer and/or owner and/or manager of the Defendant Corporation, EL GALLEGO SPANISH TAVERN RESTAURANT, INC., who ran the day-to-day operations of the Corporate Defendant, EL GALLEGO SPANISH TAVERN RESTAURANT, INC., for the time period of on or about May 31, 2012 through on or about December 31, 2014, and September 1, 2016 through on or about May 26, 2017, and was responsible for paying Plaintiff's wages for said time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. The individual Defendant JORGE BLANCO was a corporate officer and/or owner and/or manager of the Defendant Corporation, EL GALLEGO SPANISH TAVERN RESTAURANT, INC., who ran the day-to-day operations of the Corporate Defendant, EL GALLEGO SPANISH TAVERN RESTAURANT, INC., for the time period of on or about May 31, 2012 through on or about December 31, 2014, and September 1, 2016 through on or about May 26, 2017, and was responsible for paying Plaintiff's wages for said time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

6. Under information and belief, the Defendants, EL GALLEGO SPANISH TAVERN

RESTAURANT, INC., ENRIQUE BLANCO, and JORGE BLANCO, sold the business to the Defendant EL GALLEGO SPANISH RESTAURANT INC., on or about January 1, 2015.

7. Under information and belief, the Defendant Corporation, EL GALLEGO SPANISH RESTAURANT INC., continued the business in the same location with the same employees, equipment, operation, and/or resourced and with a similar business model geared towards the same clientele/customer base.

8. The Defendant EL GALLEGO SPANISH RESTAURANT INC, is a corporation that regularly transacted business within Dade County. Upon information and belief, the Defendant Corporation is the FLSA employer for Plaintiff's employment period from on or about January 1, 2015 through on or about August 31, 2016.

9. Under information and belief, the Defendant, EL GALLEGO SPANISH RESTAURANT INC, sold the business to the Defendant successor EL GALLEGO SPANISH RESTAURANT INC. ("successor"), ENRIQUE BLANCO, and JORGE BLANCO, on or about September 1, 2016.

10. Under information and belief, the successor EL GALLEGO SPANISH RESTAURANT INC. ("successor"), ENRIQUE BLANCO, and JORGE BLANCO, continued the business in the same location with the same employees, equipment, operation, and/or resourced and with a similar business model geared towards the same clientele/customer base.

11. The successor is a corporation that regularly transacted business within Dade County. Upon information and belief, the Defendant Corporation is the FLSA employer for Plaintiff's employment period from on or about September 1, 2016 through on or about May 26, 2017.

12. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL MINIMUM WAGE VIOLATION AGAINST DEFENDANTS, JOINTLY AND SEVERALLY

13. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who worked as waiter(s) and/or the serving staff (i.e. busers, runners, etc.) and other employees that have not been paid minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

14. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

15. This Court has jurisdiction to continue to hear this case under the theory of successor liability pursuant to *Steinbach v. Hubbard*, 51 F.3d 843, 844 (9th Cir. Wash. 1995) (Successorship liability exists under the Fair Labor Standards Act).  As stated, upon information and belief, it is believed that Defendants, the antecessor, the successor, and EL GALLEGO SPANISH RESTAURANT INC, are successor entities in relation to each other.

16. It is believed that the antecessor, EL GALLEGO SPANISH RESTAURANT INC, and the successor, are successor entities in relation to each other that assumed the liabilities relevant to the claim subject to this lawsuit, and upon information and belief it is continuing the business with the same employees, same equipment, and a similar or same business models geared towards the same clientele/customer base.

17. As the antecessor, EL GALLEGO SPANISH RESTAURANT INC, and the successor, did

business as a successor of the Corporate Defendant that preceded it is therefore specifically liable for the damages claimed in this lawsuit.

18. The antecessor, EL GALLEGO SPANISH RESTAURANT INC, and the successor, is doing business as a "mere continuation" of its predecessor Corporate Defendant. The principles of equity require that the successor be held liable for the damages sought pursuant to *Steinbach v. Hubbard*, 51 F.3d 843, 844 (9th Cir. Wash. 1995)**.**

19. 29 U.S.C. § 206 (a) (1) states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: except as otherwise provided in this section, not less than-- $5.85 an hour, beginning on the 60th day after May 25, 2007; $6.55 an hour, beginning 12 months after that 60th day; and $7.25 an hour, beginning 24 months after that 60th day…" [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

20. Plaintiff worked for the antecessor, ENRIQUE BLANCO, and JORGE BLANCO, as a waiter from on or about May 31, 2012 through on or about December 31, 2014, at which time Defendants sold their business to the Corporate Defendant, EL GALLEGO SPANISH RESTAURANT INC.

21. Plaintiff worked for Defendant, EL GALLEGO SPANISH RESTAURANT INC, as a waiter from on or about January 1, 2015 through on or about August 31, 2016, at which time Defendant sold their business to the successor, ENRIQUE BLANCO, and JORGE BLANCO.

22. Plaintiff worked for the successor, ENRIQUE BLANCO, and JORGE BLANCO, as a waiter from on or about September 1, 2016 through on or about May 26, 2017.

23. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

24. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

25. Upon information and belief, the antecessor had gross sales or business done in excess of $500,000 annually for the years 2012, 2013, and 2014.

26. Upon information and belief, the Defendant Corporation, EL GALLEGO SPANISH RESTAURANT INC, had gross sales or business done in excess of $500,000 annually for the years 2015 and 2016.

27. Upon information and belief, the successor's gross sales or business done is expected to exceed $125,000 for the first three months of the year 2017 and is expected to exceed $500,000 for the year 2017.

28. Between the period of on or about May 31, 2012 through on or about December 31, 2014, Plaintiff worked an average of 40 hours a week for the antecessor, ENRIQUE BLANCO, and JORGE BLANCO. Plaintiff was paid $1.50/hr for said work in violation of the Fair Labor Standards Act as said payment of $1.50/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate of $1.50/hr and the applicable minimum wage for all hours worked.

29. Between the period of on or about January 1, 2015 through on or about August 31, 2016, Plaintiff worked an average of 40 hours a week for Defendant, EL GALLEGO SPANISH RESTAURANT INC. Plaintiff was paid $1.50/hr for said work in violation of the Fair Labor Standards Act as said payment of $1.50/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate of $1.50/hr and the applicable minimum wage for all hours worked.

30. Between the period of on or about September 1, 2016 through on or about May 26, 2017, Plaintiff worked an average of 40 hours a week for the successor, ENRIQUE BLANCO, and JORGE BLANCO. Plaintiff was paid $1.50/hr for said work in violation of the Fair Labor Standards Act as said payment of $1.50/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate of $1.50/hr and the applicable minimum wage for all hours worked.

31. The Defendants wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

32. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required

by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

### COUNT II. FLORIDA MINIMUM WAGE VIOLATION AGAINST THE ANTECESSOR, THE SUCCESSOR, ENRIQUE BLANCO, AND JORGE BLANCO, JOINTLY AND SEVERALLY

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-32 above and further states:

33. Florida Statute § 448.110 (3) states "Effective May 2, 2005, employers shall pay employees a minimum wage at an hourly rate of $6.15 for all hours worked in Florida. Only those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state minimum wage pursuant to s. 24, Art. X of the State Constitution and this section. The provisions of ss.

213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein." [Fla. Stat. § 448.110 (3)].

34. Florida Statute § 448.110 (4)(a) states "Beginning September 30, 2005, and annually on September 30 thereafter, the Agency for Workforce Innovation shall calculate an adjusted state minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1."

35. Fed. R. Civ. P. 5(b)(1) states that: "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."

36. All conditions precedent pursuant to §448.110 have been met by Plaintiff to seek to add Plaintiff's minimum wage claims against the Defendants, the successor, ENRIQUE BLANCO, and JORGE BLANCO, jointly and severally.

37. On June 7, 2017, Plaintiff initially sent via certified U.S Mail the required Florida Minimum Wage Notices to the Defendants pursuant to Florida Statute § 448.110(6)(a).[3] Thereafter, on July 3, 2017, Plaintiff served Defense Counsel, Javier Banos Machado, Esq., CPA, via email on behalf of the successor, ENRIQUE BLANCO, and JORGE BLANCO, with Plaintiff's Florida Minimum Wage Letters.

38. Florida Statute §448.110(6)(b) provides that upon receipt of said Florida Minimum Wage Notice "The employer shall have 15 calendar days after receipt of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved." The 15 calendar days expired on July 18, 2017. As of the date of filing the instant Second Amended Complaint, the Plaintiff and the Defendants, the successor,

---

[3] Per the Certified Mail Receipts, the successor was served with the Notice on 6/9/17 and JORGE BLANCO was served with the Notice on 6/10/17.

ENRIQUE BLANCO, and JORGE BLANCO, have been unable to resolve said Florida Minimum Wage violation.

39. All conditions precedent pursuant to §448.110 have been met by Plaintiff to seek to add Plaintiff's minimum wage claims against the Defendants, the antecessor.

40. On October 24, 2017, Defense Counsel, Javier Banos Machado, Esq., CPA, agreed in writing (by way of email) to waive the Notice requirements, including the 15 calendar days after receipt of the notice, pursuant to Florida Statute § 448.110(6)(a), and to has agreed in writing (by way of email) that the antecessor shall not take issue with the Notice requirement at any point in this litigation.

41. As of May 2, 2005, Florida's minimum wage was raised to $6.15/hr. On January 1, 2006 the Florida Minimum Wage was raised to $6.40/hr. On January 1, 2007 the Florida Minimum Wage was raised to $6.67/hr. On January 1, 2008 the Florida Minimum Wage was raised to $6.79/hr. On January 1, 2009 the Florida Minimum Wage was raised to $7.21/hr. On June 1, 2011, the Florida minimum wage was increased to $7.31/hr. On January 1, 2012, the Florida minimum wage was increased to $7.67/hr. On January 1, 2013, the Florida minimum wage was increased to $7.79/hr. On January 1, 2014, the Florida minimum wage was increased to $7.93/hr. On January 1, 2015, the Florida minimum wage was increased to $8.05/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act. On January 1, 2017, the Florida minimum wage was increased to $8.10/hr. Minimum wage claims are brought pursuant to the Florida Constitution and the Fair Labor Standards Act.

42. Between the period of on or about May 31, 2012 through on or about December 31, 2014, Plaintiff worked an average of 40 hours a week for the Defendants, the antecessor,

ENRIQUE BLANCO, and JORGE BLANCO. Plaintiff was paid $1.50/hr for said work which did not meet the applicable Florida minimum wage for said time period as required by the Florida Constitution.[4] Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $1.50/hr and the applicable minimum wage rate for all hours worked.

43. Between the period of on or about September 1, 2016 through on or about May 26, 2017, Plaintiff worked an average of 40 hours a week for the Defendants, the successor, ENRIQUE BLANCO, and JORGE BLANCO. Plaintiff was paid $1.50/hr for said work which did not meet the applicable Florida minimum wage for said time period as required by the Florida Constitution.[5] Therefore, Plaintiff claims difference between Plaintiff's average hourly rate of $1.50/hr and the applicable minimum wage rate for all hours worked.

44. The Defendants, the antecessor, the successor, ENRIQUE BLANCO, and JORGE BLANCO, wage payment practices to Plaintiff for the above mentioned time periods, did not meet the Florida minimum wage law requirements as Plaintiff was not paid the required Florida minimum wage for all hours worked and is therefore claiming the difference between the amount paid to Plaintiff and the applicable Florida minimum wage for the time period specified above.

45. The Defendants, the antecessor, the successor, ENRIQUE BLANCO, and JORGE BLANCO, willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendant knew of the Florida Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether The Defendants, the

---

[4] To the extent Plaintiff's claim for Florida Minimum Wage overlaps Plaintiff's claim for Federal Minimum Wage payments, Plaintiff is claiming the higher of the two applicable rates.

[5] To the extent Plaintiff's claim for Florida Minimum Wage overlaps Plaintiff's claim for Federal Minimum Wage payments, Plaintiff is claiming the higher of the two applicable rates.

antecessor, the successor, ENRIQUE BLANCO, and JORGE BLANCO, payroll practices were in accordance with the Florida Constitution and the Fair Labor Standards Act. The Defendants, the antecessor, the successor, ENRIQUE BLANCO, and JORGE BLANCO, remain owing Plaintiff these wages since the commencement of Plaintiff's employment with The Defendants, the antecessor, the successor, ENRIQUE BLANCO, and JORGE BLANCO, for the time period specified above.

Wherefore, the Plaintiff request double damages and reasonable attorney fees from the The Defendants, the antecessor, the successor, ENRIQUE BLANCO, and JORGE BLANCO, jointly and severally, pursuant to the Florida Constitution as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with The Defendants, the antecessor, the successor, ENRIQUE BLANCO, and JORGE BLANCO, or, as much as allowed by the Florida Constitution, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiff
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Email: ZABOGADO@AOL.COM

By:__/s/ J.H. Zidell_____
    J.H. Zidell, Esq.
  Florida Bar Number: 0010121

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 10/24/17 TO:**

**JAVIER BANOS MACHADO, ESQ.[6]**
**3126 CORAL WAY**
**MIAMI, FL 33145**
**PH: (305) 519-5581**
**FAX: (305) 403-1061**
**EMAIL: LAWSERVICESPA@GMAIL.COM**

---

[6] At this time, Defense counsel represents Defendants, the antecessor, the successor, ENRIQUE BLANCO, and JORGE BLANCO. As confirmed by phone and in writing, by way of email, the Defense counsel will be representing the Defendants, the antecessor, the successor, ENRIQUE BLANCO, and JORGE BLANCO, and will accept service on behalf of the antecessor via email on 10/24/17.