UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
CASE NO: 17-cv-22135-JEM

**ORLANDO BALUJA, on her own
behalf and on behalf of those
similarly situated,**
    Plaintiff(s),
v.
**El Gallego Spanish Tavern
Restaurant, Inc., a Florida Corporation, formed on September 1st, 2016
El Gallego Spanish Restaurant Inc., a Florida Corporation
El Gallego Spanish Tavern
Restaurant, Inc., a Florida Corporation, a dissolved Florida Corporation
Enrique Blanco, individually,
Jorge Blanco, individually, et al.,**
    Defendant(s)
_____/

**DEFENDANTS MOTION TO DISMISS 2nd AMENDED
COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR MORE
DEFINITE STATEMENT**

    The Defendants, by and through its undersigned counsel and pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, requests that the Court enter an Order Dismissing the 2nd Amended Complaint filed by the Plaintiff, ORLANDO BALUJA ("Plaintiff"), for failure to state claims upon which relief can be granted, or, in the alternative, moves for a more definite statement, and states:

**INTRODUCTION**

1. The 2nd Amended Complaint alleges that the EL GALLEGO SPANISH TAVERN RESTAURANT, INC. employed Plaintiff as a waiter from May 31 2012, until May 26, 2017. See 2nd Amended Complaint [DE 55] at ¶ 4-5.

2. The 2nd Amended Complaint vaguely alleges that at various times EL GALLEGO SPANISH TAVERN RESTAURANT, INC. required Plaintiff to work for both Defendants, Enrique Blanco and Jose Blanco, in violation of the FLSA, in their capacity as officers of "antecessor" and

Case 1:17-cv-22135-AOR   Document 61   Entered on FLSD Docket 11/06/2017   Page 2 of 4

Baluja vs. El Gallego
CASE NO.   17-cv-22135-JEM

"successor" of EL GALLEGO SPANISH TAVERN RESTAURANT, INC. See 2nd Amended Complaint at ¶ 4,5, 7 and 8.

3. The 2nd Amended Complaint suffers from the same primary issue that resulted in the Court ordering the amendment. Namely, the Plaintiff simply wants the Court to ignore the existence of two separate entities, each clearly named, formed in different periods, with completely different officers, and commingled the same as one entity, one of which is clearly dissolved and does no longer exist.

## ARGUMENT

4. The Second Amended Complaint fails to state a valid claim under the Fair Labor Standards Act ("FLSA") for at least three reasons. First, The Second Amended Complaint fails to clearly establish that the Plaintiff's supervisors, each as to their respective entities during the separate periods at hand, were aware that he was performing uncompensated work. In order for work performed off-the-clock to be compensable, an employee's supervisor must know or have reason to believe that work is being performed and have an opportunity to prevent the work from being performed. See *Gaylord v. Miami-Dade County*, 78 F. Supp 1320, 1325 (S.D. Fla.1999). Second, Plaintiff alleges and admits that for a expand of nearly 36 months, the Plaintiff worked for the Defendants, but received less $1.5/hrs, or $60.00 per week, which without more detail or clarification, flies in the face of the Plaintiff's allegation that that she was employed, or that he is covered by the FLSA. Furthermore, it is not clear from the Complaint which Employer, during which period is accused of violating the FLSA, as the 2nd Amended Complaint simply willfully commingles it together. Finally, even if the EL GALLEGO SPANISH TAVERN RESTAURANT, INC. was aware that Plaintiff was performing uncompensated work, the amount of time Plaintiff spent is *de minimis* and, therefore, not compensable under the FLSA. See *Lindow v. U.S.,* 738 F.2d 1057, 1062 (9th Cir. 1984).

Case 1:17-cv-22135-AOR   Document 61   Entered on FLSD Docket 11/06/2017   Page 3 of 4

Baluja vs. El Gallego
CASE NO.   17-cv-22135-JEM

5. Alternatively, Plaintiff's claims, especially as it relates to the compensation of the Plaintiff, are vague and lacks specificity. As a result, the EL GALLEGO SPANISH TAVERN RESTAURANT, INC. is unable to frame an appropriate response to the 2nd Amended Complaint. Plaintiff should be required to provide a more definite statement. <u>See</u> Fed. R. Civ. P. 12(e).

**WHEREFORE**, Defendants respectfully requests the entry of an Order dismissing the 2nd Amended Complaint, together with such other and further relief that the Court deems proper.

Dated: November 6th, 2017                    Respectfully submitted,

JAVIER BANOS
Florida Bar No. 25706
E: <u>lawservicespa@gmail.com</u>
3126 Coral Way
Miami, FL 33145
 T: (305) 519-5581
 F: (305) 403-1061

Case 1:17-cv-22135-AOR   Document 61   Entered on FLSD Docket 11/06/2017   Page 4 of 4

Baluja vs. El Gallego
CASE NO.  17-cv-22135-JEM

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Javier Banos Machado
JAVIER BANOS MACHADO, ESQ.

## SERVICE LIST

Neil Tobak
J.H. Zidell P.A.
300 71st Suite 605
Miami Beach, FL 33141
305-773-3269
Email: ntobak.zidellpa@gmail.com
ATTORNEY TO BE NOTICED

Rivkah Fay Jaff
J.H. Zidell, P.A.
300-71st Street, Ste 605
Miami Beach, FL 33141
(305) 865-6766
Email: Rivkah.Jaff@gmail.com
ATTORNEY TO BE NOTICED

Jamie H. Zidell
300 71st Street
Suite 605
Miami Beach, FL 33141
305-865-6766
Fax: 865-7167
Email: ZABOGADO@AOL.COM
ATTORNEY TO BE NOTICED