UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-22135-CIV-OTAZO-REYES

[CONSENT CASE]

| | |
|---|---|
| ORLANDO BALUJA and all others similarly situated under 29 U.S.C. 216(b), | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>)<br>) |
| EL GALLEGO SPANISH TAVERN RESTAURANT, INC.,<br>EL GALLEGO SPANISH TAVERN RESTAURANT, INC.,<br>EL GALLEGO SPANISH RESTAURANT INC,<br>ENRIQUE BLANCO,<br>JORGE BLANCO, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITIVE STATEMENT [DE61]**

COMES NOW the Plaintiff, by and through the undersigned counsel, hereby files this Response in Opposition to Defendant's Motion to Dismiss Second Amended Complaint or, in the alternative, Motion for More Definitive Statement, filed as Defendants [DE61], and in support thereof states as follows:

1. This matter sounds under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201-216 and Florida Minimum Wage Act ("FMWA")/Florida Constitution regarding allegations for unpaid overtime and minimum wage violations. *See,* Second Amended Complaint [DE55].

2. Defendants' Motion [DE61] is poorly-drafted and convoluted making it extremely

1

difficult to decipher what in particular about the Second Amended Complaint [DE55] is not within the minimal pleading requirements which apply to FLSA and FMWA matters. As such, in an abundance of caution, Plaintiff is over inclusive in responding to Defendants' Motion [DE61] and covers what Plaintiff has gleaned to be the basis for Defendants' Motion.

3. Defendants' Motion [DE61] seeks to dismiss Plaintiff's claims for allegedly failing to set forth sufficient factual allegations that Plaintiff's supervisors were aware that Plaintiff performed uncompensated work, Plaintiff's hourly rate does not establish that Plaintiff was employed by Defendants and/or is covered by the FLSA, and that Plaintiff is allegedly not clear which employer-Defendant he is referring to regarding violations of the FLSA and FMA. In the alternative, Defendants Motion [DE61] seeks a more definitive statement as it relates to Plaintiff's compensation.

4. As set forth *supra,* there are sufficient allegations in the Complaint alleging the position Plaintiff had while employed by Defendants, the dates that Plaintiff was employed by Defendants, the wages received by Plaintiff, and FLSA coverage/subject-matter jurisdiction. Further, Plaintiff has also adequately pled that this Court has jurisdiction to continue to hear this case under the theory of successor liability and that the principles of equity require that the successor be held liable for the damages sought pursuant to *Steinbach v. Hubbard,* 51 F.3d 843, 844 (9th Cir. Wash. 1995).[1]

5. Defendants contentions regarding alleged impermissibly commingling separate claims are not on point for FLSA matters as set forth in more detail below. Plaintiff does not have a state cause of action in the Second Amended Complaint [DE55] and a separation is not

---

[1] [DE55, FN2] reserved Plaintiff's right to amend the Complaint to allege joint employer and joint enterprise as to all the Defendants should the facts adduced in discovery justify same. *See,* 29 U.S.C. 203(r).

needed as to each Defendant when there is a clear presentation of the matter set forth in the Second Amended Complaint. *See, Ceant v. Aventura Limousine & Transp. Serv., Inc.,* 874 F. Supp. 2d 1373, 1382 (S.D. Fla. 2012)("While it may well be preferable to plead different theories of recovery in separate counts, it is not required. Nor is there any requirement that they be pleaded in separate paragraphs. *Hulsey v. Pride Rests., LLC,* 367 F.3d 1238, 1247 (11th Cir.2004).").[2]

6.  At this point in light of the facts pled, Plaintiff has fully complied with the Court's Order [DE52] and Defendants are in a position to answer the Second Amended Complaint [DE55] and raise their affirmative defenses.[3] As the discovery process commences, Plaintiff will need to take various depositions and engage in further discovery as to issues related to Plaintiff's adequately alleged Complaint. Defendant is attempting to hold Plaintiff factually to a summary judgment standard prior to adequate discovery.

7.  Therefore, Defendants' Motion to Dismiss [DE61] should be denied in its entirety and the Court should order Defendants to file an Answer so that Plaintiff can know Defendants' position in the case at bar with regards to their affirmative defenses. Should the Court grant Defendants any relief, Plaintiff respectfully request fourteen (14) days from the date of the Court's Order to file a Third Amended Complaint.

## **MEMORANDUM OF LAW**

<u>Motion to Dismiss Standard</u>.

In deciding a motion to dismiss, the Court accepts the facts of the complaint as true in

---

[2] Rule Fla. R. Civ. P. 1.110 is inapplicable as there is no State cause of action in the operative Complaint.

[3] It is almost comical that Defendants raise the defense that the amount of time spent by Plaintiff is *de minimus* and allegedly not compensable under the FLSA while simultaneously taking the position that they are unable to "frame an appropriate response" to the Second Amended Complaint. [DE61, P.2]. This argument is not only circular but it is also non-sensical.

a light favorable to the non-moving party.  *Clifton v. Kinney*, 2006 U.S. Dist. Lexis 85256, *1 (M.D. Fla. 2006), *citing Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004), *citing Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).  To succeed on their Motion to Dismiss, pursuant to the applicable standard of review, Defendants in the case at bar must demonstrate "beyond doubt" that "no set of facts" could entitle Plaintiff to relief.  *75 Acres, LLC v. Miami-Dade County*, 338 F.3d 1288, 1293 (11th Cir. 2003).

Moreover, Rule 8 of the Federal Rules of Civil Procedure states a Complaint "shall contain … a short and plain statement" setting forth entitlement to relief and "'give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'"  *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506 (2002), *quoting Conley v. Gibson*, 355 U.S. 41 (1957).  In an FLSA matter, the Court should ask whether "no facts are alleged showing that the plaintiffs, if those facts be true, are entitled to relief".  *Daves et al. v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 646 (U.S. Dist. Hawaii 1953).

The case of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (U.S. 2009) adopted the Supreme Court's previous ruling in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (U.S. 2007). The *Iqbal* decision dealt with a *Bivens* action while the *Twombly* Court dealt with the pleading standards as related to the Sherman Act. Neither case dealt with the pleading standards relating to the Fair Labor Standards Act.  The Eleventh Circuit interpreting the *Twombley* motion to dismiss standard in relation to Fair Labor Standard Act cases stated:

> We have explained that the Rule 8(a)(2) pleading standard articulated by the Supreme Court in *Twombley* is "one of 'plausible grounds to infer.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting **Twombly, 127 S. Ct. at 1965**). To state a claim with sufficient specificity "'requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id*. The rule "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a

4

> reasonable expectation that discovery will reveal evidence of' the necessary element." *Id*. at 1296.
>
> In applying these standards to the FLSA claims in this case, we review the Secretary's complaint to determine whether its allegations plausibly indicate that Labbe failed to pay minimum wage and overtime compensation and failed to keep employment records as required by FLSA. Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a **FLSA violation are quite straightforward**. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act. *See* 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5). There is no need to prove intent or causation that might require more extensive pleading. *See Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348 (4th Cir. 2005) (finding a FLSA complaint sufficient under Rule 8(a)(2) where it identified the employees who were alleged to have worked overtime, described the manner of the employer's repeated violations of the overtime and record-keeping provisions of FLSA, and alleged the time frame in which these violations occurred). [Emphasis added].

*Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. Fla. 2008).

Additionally, the Southern District of Florida in interpreting *Twombly* as it relates to FLSA matters and citing to the Eleventh Circuit decision on *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. Fla. 2008). stated:

> Under Fed. R. Civ. P. 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. *Glover v. Liggett Group, Inc.,* 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570).
>
> Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. *Twombly,* 550 U.S. at 555.

5

> A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Id.* Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" *Id.* at 556.
>
> Moreover, "[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 Fed. App'x. 761, 763 (11th Cir. Fla. 2008). "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Id.* (citing 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5)).

*Schlinsky v. Action Video Prod.*, 2010 U.S. Dist. LEXIS 2430 (S.D. Fla. Jan. 13, 2010). See also *Marcelle v. Am. Nat'l Delivery, Inc.*, 2010 U.S. Dist. LEXIS 40248 (M.D. Fla. Apr. 23, 2010) ("the elements that must be shown to allege a violation of the FLSA's overtime pay requirements are "quite straightforward") *citation omitted*.

Consequently, although *Iqbal* and *Twombly* require more detailed pleadings as compared to the minimal pleading requirements under previous law, as stated FLSA and FMWA matters are quite straightforward, and in the instant matter, thus, minimal pleading requirements apply to FLSA and FMWA matters, and in the instant matter, Defendants cannot claim they do not understand what the allegations are regarding FLSA coverage, and can therefore either admit or deny the allegations. As set forth below, Defendants have not shown as a matter of fact or law that dispositive relief is justified.

Plaintiff is not required to plead "the precise number of hours worked and applicable pay rates to state an FLSA claim." *Anish v. Nat'l Sec. Corp.*, No. 10-80330-CIV, 2010 WL 4065433, at *2 (S.D. Fla. Oct. 15, 2010). Instead, Plaintiff must only allege "that [he] was an employee covered by the FLSA who worked for Defendant[s], that Defendant[s] failed to pay [him] time-

and-a-half wages for [his] overtime hours" and that Defendants are employers subject to the FLSA. *Id.* at *2. Plaintiff has done so here.

Further, the Court should limit its analysis to the four corners of the Complaint and accept Plaintiff's allegations as true. Regarding the economic realities test discussed in *Santelices, infra*, economic dependence is an important factor relevant to the employment relationship as is the nature and degree of control of the workers by the alleged employer. An employee, as defined by 29 U.S.C. § 203(e)(1), is any individual employed by an employer. An employer includes any person acting directly or indirectly in the interest of an employer in relation to the employee. 29 U.S.C. § 203(d).  An employment relationship is decided by applying the "economic realties test." *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1319 (D. Fla 2001). In applying the "economic realities test," the Court should consider the following factors: (1) the nature and degree of control of the workers by the alleged employer; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skills; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; (4) whether the service rendered required a special skill; (5) the degree of permanence of the working relationship; and (6) whether the service rendered is an integral part of the alleged employer's business.  *See, Santelices, supra.* Said law shows that <u>no one factor is dispositive</u>, and the analysis is fact intensive normally pointing to the need for a jury determination. *Id.* The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer" in relation to an employee. 29 U.S.C. § 203(d).

In the Second Amended Complaint [DE55], Plaintiff has sufficiently pled that Defendants were Plaintiff's employer. Plaintiff has adequately pled in separate paragraphs, Paras. 20-22, the dates he worked for Defendants and the position he held and Par. 28-30, 42-43

7

also provide the average hours alleged per week and average rate of pay. *Id.* Regarding Defendants, Paras. 3-11, of the Second Amended Complaint [DE55] allege that the Corporate Defendants are corporations that "regularly transacts business within Dade County" and upon information and belief said Defendant Corporations were the FLSA employer for Plaintiff's respective period of employment. Defendants can argue that Plaintiff was an independent contractor, if appropriate, in a motion for summary judgment, after the facts have been developed during discovery. *See*, *Turcios v. Delicias Hispanas Corp.,* 275 F. App'x 879, 882-883 (11th Cir. 2008); *See also, Hopkins, et al. v. King of Diamonds Miami "LLC", et al.,* Case No.: 17-20415-KMW [DE30].

FLSA Coverage.

In *Turcios v. Delicias Hispanas Corp*. et al., 275 Fed. Appx. 879 (11th Cir. 2008), the Eleventh Circuit remanded *Turcios* and differentiated between summary judgment standards and motions to dismiss. In *Turcios*, the Eleventh Circuit remanded that matter despite the fact that the tax records reflected less than $500,000 during the relevant period. The required prongs of FLSA coverage (interstate commerce and the $500,000 monetary threshold) have been pled. The issue of FLSA coverage might later be an issue appropriately addressed in summary judgment pleadings after adequate discovery.[4]

---

[4]This Court has original jurisdiction over the federal law FLSA claim under 29 U.S.C. Section 1331 (civil actions under the Constitution, laws and treaties of the United States). Thus, the Court has "jurisdiction" to hear the instant matter, although a statutory dispute concerning FLSA coverage exists. For the reasons herein dismissal is inappropriate regardless due to discovery issues. However, even if Defendants would argue that subject matter jurisdiction is an exceptional ground allowing factual attacks at the dismissal stage, the dispositive issue at hand technically concerns coverage under a federal statute (the FLSA) as opposed to jurisdiction. The First Circuit in *Chao v. Hotel Oasis, Inc*., 493 F.3d 26, 33 (1st Cir. 2007) concluded that enterprise coverage is not a jurisdictional question under the FLSA in light of the Supreme Court's ruling in *Arbaugh v. Y&H Corp*., 546 U.S. 500 (2006); although the Eleventh Circuit in *Turcios* did not rule on such matter because the alleged jurisdictional nature of enterprise

As to the interstate commerce prong of enterprise coverage, on 8/31/10 the Eleventh Circuit rendered a decision in the consolidated matter of *Polycarpe et al. v. E & S Landscaping*, 616 F.3d 1217 (11th Cir. 2010). Prior to such decision, there was a split in this Circuit on the issue of enterprise coverage. However, *Polycarpe* clarified that in this Circuit, it is now of no consequence if the goods have "come to rest"--there is no continuity requirement, and enterprise coverage is triggered so long as the employees have, pursuant to 29 U.S.C. Section 203(s)(1)(A)(i), handled, sold or worked with goods "that have been moved in or produced for commerce." 616 F.3d, at *5-6 (LEXIS pagination). The *Polycarpe* Court stated that "we must vacate the judgment for the Defendant if there is a question about where the "goods" or "materials" were produced or where they have moved. The district courts will need to make some further decisions about the interstate history of the items in these cases." *Id*. Consequently, from whatever prism *Polycarpe* is analyzed, it is clear, for example, that a defendant-employer can no longer argue that the employees' handling etc. of the goods or materials, that were merely manufactured outside of Florida (when the $500,000 threshold is met), is not sufficient interstate commerce as a matter of law.

Plaintiff can only assume that Defendants' are contesting FLSA coverage/subject-matter jurisdiction and the alleged failure to set forth sufficient factual allegations is what Defendants re referring to when they allege that Plaintiff's rate of pay set forth in the Second Amended Complaint [DE55] "flies in the fact of the Plaintiff's allegation that that [sic] she as employed, or that he is covered by the FLSA." As such, Plaintiff addresses herein that Plaintiff has adequately pled FLSA coverage/subject-matter jurisdiction in the Second Amended Complaint [DE55]. In

---

coverage was not in dispute. *Turcios,* 275 Fed. Appx. at FN5. Moreover, the Southern District of Florida has been "persuaded by the reasoning in *Arbaugh* that the requirement that a plaintiff establish individual or enterprise coverage[4] is not jurisdictional." *Rodriguez v. Diego's Restaurant, Inc.*, 619 F.Supp.2d 1345, 1350 (S.D. Fla. 2009).

particular, Paras. 23-24 of the Second Amended Complaint [DE55] allege interstate commerce and then Paras. 25-27 allege the $500,000 monetary threshold. Plaintiff has alleged the requisite interstate commerce and gross annual income thresholds, and consequently, Plaintiff must have an opportunity to review all relevant tax records, and also to validate their accuracy through discovery. Regarding the $500,000, Plaintiff needs to conduct depositions and obtain, *inter alia,* financial information including Tax Returns, Bank Statements, and all contracts to sell during the relevant years.[5] Certainly Defendants who are in charge of their own business, is in a better position than Plaintiff to know its gross annual income and who its suppliers are. Financial information is usually to be found in employer's hands: not ordinarily within a lower-level worker's knowledge who performed manual labor. *See, Pizza Zone Italian Grill & Sports Bar, Inc. supra*. Also, Plaintiff will need to depose Defendants' suppliers *duces tecum* regarding where Defendants' supplies are purchased, manufactured etc. Defendants ask the Court to order Plaintiff prior to discovery to go beyond to the pleading requirements before adequate discovery has commenced regarding interstate commerce and Defendants' gross annual income. Moreover, Defendants are able to deny or admit whether its business or Plaintiff were involved in the requisite interstate commerce and defendant-employers for axiomatic reasons would normally have more access to information regarding their businesses materials and goods used by its employees. Plaintiff needs discovery to address the said issues to establish a factual record that can be presented to the Court and/or Jury. As to interstate commerce, it does not appear at this time, that Defendants are willing to stipulate to interstate commerce, and do not appear to be

---

[5] See, *Wirtz v. Savannah Bank & Trust Co.*, 5 Cir., 362 F.2d 857." *Wirtz v. First Nat'l Bank & Trust Co.*, 365 F.2d 641 (10th Cir. 1966). Review of 29 U.S.C. Section 203(k) and related case law make it clear Plaintiff needs access to all of Defendants' contracts from the relevant period even if Defendants' customers defaulted on them; unless Defendants will stipulate that the $500,000 threshold is met.

10

voluntarily offering evidence relevant to same regarding where their supplies are purchased, manufactured etc. In short, Defendants are clearly on notice of what FLSA coverage issues are presented based on the pleadings, and discovery needs to proceed towards the summary judgment phase. Plaintiff has also adequately pled that this Court has jurisdiction to continue to hear this case under the theory of successor liability and that the principles of equity require that the successor be held liable for the damages sought pursuant to *Steinbach v. Hubbard,* 51 F.3d 843, 844 (9th Cir. Wash. 1995). *See,* [DE55, Paras.3-11; 15-18].

Applying the Eleventh Circuit standard of *Sec'y of Labor v. Labbe* to the case at hand, Plaintiff has pled sufficient facts to demonstrate that that Defendants' business is an enterprise covered under the FLSA pursuant to the Eleventh Circuit decision in *Polycarpe v. E&S Landscaping Serv., Inc*., 616 F.3d 1217, 1220 (11th Cir. 2010) which adopted this Court's analysis of enterprise coverage in *Galdames v. N & D Inv. Corp.*, 2008 U.S. Dist. LEXIS 73433 (S.D. Fla. 2008).

As noted above, "at the motion to dismiss stage, under Fed. R. Civ. P. 12(b)(6), a court can only examine the four corners of a complaint. *Crowell v. Morgan Stanley Dean Witter Servs*., Co., Inc., 87 F. Supp.2d 1287 (S.D. Fla. 2000)."*Medina v. United Christian Evangelistic Ass'n,* 2009 U.S. Dist. LEXIS 16412 (S.D. Fla. Feb. 27, 2009). The four corners of the complaint allege sufficient facts for Defendants to formulate a proper answer to the complaint.

Further to the above-described minimal pleadings standards in FLSA matters, Defendants cannot claim they do not understand what the allegations are. The FLSA requires claims for unpaid overtime and minimum wage compensation under the FLSA to be brought within two years of the violation, except that in cases involving willful violations of the FLSA, the limitations period is extended to three years, and four years of the violation, except that in cases

involving willful violations of the FMWA, the limitations period is extended to five years. 29 U.S.C. § 255(a). As the Southern District Court stated in *Morrison v. Quality Transps. Servs.*, 474 F. Supp. 2d 1303 (S.D. Fla. 2007), "[t]he issue of willfulness under § 255(a) is a question of fact for the jury not appropriate for summary disposition. *Soto v. Mclean*, 20 F. Supp. 2d 901, 913 (*citing Fowler v. Land Mgmt. Group, Inc.,* 978 F.2d 158, 162-63 (4th Cir. 1992) (holding in the context of § 255(a), "there is no reason issues of willfulness should be treated any different from other factual determinations relating to application of a statute of limitations that are routinely submitted to the jury."); *see also Pabst v. Oklahoma Gas & Elec. Co*., 228 F.3d 1128, 1137 (10th Cir. 2000); *McGuire v. Hillsborough County*, 2007 U.S. Dist. LEXIS 3220, 2007 WL 141129, (M.D. Fla. Jan. 17, 2007) ("whether a defendant committed a willful violation is a jury question"); *Colon v. Wyeth Pharms. Co*., 363 F. Supp. 2d 24, 29-30 (D.P.R. 2005). *See also Davila v. Menendez*, 717 F.3d 1179, 1181 (11th Cir. 2013)(If the jury had found that the Menendezes willfully violated the minimum wage laws, the time for which Davila could have recovered unpaid wages would have been extended from four years to five years. *See* Fla. Const. Art. 10, § 24(e)). However, in the instant matter, Defendants want to go a step further before even allowing discovery at the dismissal stage. Defendants should not be permitted to dispose of the willfulness allegations when there has been no discovery (particularly depositions of the Defendants and their employees). After Plaintiff has an opportunity to conduct discovery, Defendants will have ample opportunity at trial to defend against allegations of willfulness in relation to the three-year statute of limitations if justified.

The Court should reject Defendant's arguments concerning the statute of limitations (regarding whether a (2) or (3) year period applies), because such issue involves a willfulness determination. A Rule 12(b)(6) dismissal on statute of limitations grounds should only be

granted "if it appears beyond a doubt that Plaintiff[] can prove no set of facts" that his claim falls within the statute of limitations. *Lindley v. City of Birmingham, Ala.*, 515 F. App'x 813, 815 (11th Cir. 2013) (noting that a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate "only if it is apparent from the face of the complaint that the claim is time-barred because [a] statute of limitations bar is an affirmative defense, and . . . plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint" (internal quotations omitted)).

Here, Plaintiff alleges that he is entitled to overtime wages **both** outside **and** within the statute of limitations period. Plaintiff has adequately pled in separate paragraphs, Paras. 20-22, the dates he worked for Defendants and the position he held and Par. 28-30, 42-43 also provide the average hours alleged per week and average rate of pay. [DE55]. In Paras. 31-32 and 44-45, Plaintiff has also pled that Defendants willfully and intentionally refused to pay Plaintiff's overtime and minimum wages as required by the FLSA and FMWA and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act and, thus Plaintiff has adequately pled willfulness. *Id.; See also, Sanchez v. Chayele,* Case No.: 16-21975-CIV-UU; *Paula v. La Cucina Management, Inc. d/b/a Perricone's Marketplace & Café, et al.,* Case No.: 17-20796-CIV-GAYLES/OTAZO-REYES [DE28]("The undersigned found that Plaintiff's willfulness allegations are sufficient."). Plaintiff is limited to the applicable statutory period based on the allegations in the Second Amended Complaint.

This fact alone does not warrant dismissal of Plaintiff's Second Amended Complaint. *See, e.g.*, *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008) ("Hence, because the complaint [alleging FLSA violations] was filed on March 2, 2007, any violations that occurred prior to March 2, 2004 would appear to be barred by the statute of limitations. The possibility that *some* of the alleged violations may have occurred during a time-barred period, however,

does not sustain the dismissal of the complaint, in its entirety."). The applicable statute of limitations is determined by a willfulness finding, which is properly made at trial by the jury; thus discovery is needed and dismissal is inappropriate and Defendants are able to raise the statute of limitations as one of their defenses. Just as with the allegations of willfulness, with respect to the hours etc. upon which the claim is based, Defendants can either deny or admit the allegations. Defendants are in a position to deny same in their Answer if such is their contention. If it is true that Defendants' actions were done "willfully and intentionally" as alleged, the Plaintiff would be entitled to utilize the entire (3) year statute of limitations (as opposed to a mere (2) years). Under Fed.R.Civ.Pro. Rule 8 *supra*, the Complaint contains an adequate "short and plain statement" setting forth entitlement to relief and which gives the defense fair notice of what the Plaintiff is claiming. See, *Swierkiewicz supra.*

Plaintiff's claims arise out of the same series of transactions and occurrences and there are questions of law or fact in common between Plaintiff's allegations against each Defendant and, as such, allegations against each Defendant are included in the Second Amended Complaint [DE55]. Further, a separation is not needed as there is a clear presentation of the matter set forth in the Second Amended Complaint. As such, there is no basis to dismiss the Second Amended Complaint for a single count against all Defendants, alleging the violation of the FLSA and FMWA, and the Court should reject Defendants' contentions that Plaintiff has allegedly commingled several causes of action under the Courts. *See, Ceant v. Aventura Limousine & Transp. Serv., Inc.,* 874 F. Supp. 2d 1373, 1382 (S.D. Fla. 2012)("While it may well be preferable to plead different theories of recovery in separate counts, it is not required. Nor is

there any requirement that they be pleaded in separate paragraphs. *Hulsey v. Pride Rests., LLC,* 367 F.3d 1238, 1247 (11th Cir.2004).").[6]

Lastly, Defendants' position that Plaintiff's claims, as they relate to compensation, are vague and lack specificity. Defendants fail to articulate what in particular is lacking. Further, as abovementioned, in the Second Amended Complaint [DE55], Plaintiff has sufficiently pled that Defendants were Plaintiff's employer. Plaintiff has adequately pled in separate paragraphs, Paras. 20-22, the dates he worked for Defendants and the position he held and Par. 28-30, 42-43 also provide the average hours alleged per week and average rate of pay. *Id.* Clearly Defendants are on notice of the amount of wages Plaintiff claims to have been paid during Plaintiff's employment period and the position held by same.

WHEREFORE, Plaintiff respectfully requests this Court to deny Defendants' Motion to Dismiss Second Amended Complaint or, in the alternative, Motion for More Definite Statement, filed by Defendants as [DE61], in its entirety and Order Defendants to file their Answer and Affirmative Defenses.  Should the Court grant any relief, Plaintiff requests (14) days to file an Amended Complaint.

                   Respectfully submitted,

                   J. H. ZIDELL, P.A.
                   ATTORNEYS FOR PLAINTIFF
                   300-71ST STREET, SUITE 605
                   MIAMI BEACH, FLORIDA 33141
                   305-865-6766
                   305-865-7167

                   By:_s/ Rivkah F. Jaff, Esq. ___
                     Rivkah F. Jaff, Esquire
                     Florida Bar No.: 107511

---

[6] Rule Fla. R. Civ. P. 1.110 is inapplicable as there is no State cause of action in the operative Complaint.

**CERTIFICATE OF SERVICE**:

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 11/15/17 TO:**

**JAVIER BANOS MACHADO, ESQ.
3126 CORAL WAY
MIAMI, FL 33145
PH: (305) 519-5581
FAX: (305) 403-1061
EMAIL: LAWSERVICESPA@GMAIL.COM**

**BY:__/s/____Rivkah F. Jaff_____
RIVKAH F. JAFF, ESQ.**