Case 1:17-cv-22135-AOR   Document 64   Entered on FLSD Docket 12/06/2017   Page 1 of 7

Baluja v. El Gallego. et al.
CASE NO.   17-cv-22135-JEM

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
### Miami Division
CASE NO: 17-cv-22135-JEM

**ORLANDO BALUJA, on her own
behalf and on behalf of those
similarly situated,**
     Plaintiff(s),

v.

**El Gallego Spanish Tavern
Restaurant, Inc., a Florida Corporation,
El Gallego Spanish Restaurant Inc., a Florida Corporation
Enrique Blanco, individually,
Jorge Blanco, individually, et al.,**
     Defendant(s)
_____/

### DEFENDANTS, EL GALLEGO SPANISH TAVERN RESTAURANT, INC., ENRIQUE BLANCO, and JORGE BLANCO'S  ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

The Defendants, El Gallego Spanish Tavern Restaurant, Inc., a Florida Corporation, Enrique Blanco, individually, and Jorge Blanco, individually (collectively referred to as "Defendants") by and through its  undersigned counsel hereby file their Answer, Affirmative Defenses to the Plaintiff's Amended Complaint and state:

    DEFENDANTS' ORIGINAL ANSWER Pursuant to Federal Rule of Civil Procedure 8(b), Defendants respond to the allegations in each corresponding paragraph of the Second Amended Complaint as follows:

1. Defendants admit the allegations in Paragraph 1 for jurisdictional purposes only.
2. Defendants are without knowledge of the statement in Paragraph 2, and neither deny nor admit it.
3. Defendants deny the allegations in Paragraph 3.
4. Defendants deny the allegations in Paragraph 4.
5. Defendants deny the allegations in Paragraph 5.
6. Defendants deny the allegations in Paragraph 6.
7. Defendants admit the allegations in Paragraph 7.

Case 1:17-cv-22135-AOR   Document 64   Entered on FLSD Docket 12/06/2017   Page 2 of 7

Baluja v. El Gallego. et al.
CASE NO.   17-cv-22135-JEM

8. Defendants admit the allegations in Paragraph 8.
9. Defendants deny the allegations in Paragraph 9.
10. Defendants deny the allegations in Paragraph 10.
11. Defendants denies the allegations in Paragraph 11.
12. Defendants admit the allegations in Paragraph 12 for jurisdictional purposes only.
13. Defendants deny the allegations in Paragraph 13.
14. Defendants admit the allegations on Paragraph 14 for jurisdictional purposes only.
15. Defendants deny the allegations on Paragraph 15.
16. Defendants deny the allegations on Paragraph 16.
17. Defendants deny the allegations in Paragraph 17.
18. Defendants deny the allegations in Paragraph 18.
19. The allegations of Paragraph 19 of the Complaint state either recitations of federal law or legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.
20. Defendants deny the allegations in Paragraph 20.
21. Defendants deny the allegations in Paragraph 21.
22. Defendants deny the allegations in Paragraph 22.
23. Defendants deny the allegations in Paragraph 23.
24. Defendants deny the allegations in Paragraph 24.
25. Defendants deny the allegations in Paragraph 25.
26. Defendants deny the allegations in Paragraph 26.
27. Defendants deny the allegations in Paragraph 27.
28. Defendants deny the allegations in Paragraph 28.
29. Defendants deny the allegations in Paragraph 29.
30. Defendants deny the allegations in Paragraph 30.
31. Defendants deny the allegations in Paragraph 31.
32. Defendants deny the allegations in Paragraph 32.
33. The allegations of Paragraph 33 of the Complaint state either recitations of federal law or legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.
34. The allegations of Paragraph 34 of the Complaint state either recitations of federal law or legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.
35. The allegations of Paragraph 35 of the Complaint state either recitations of federal law

Case 1:17-cv-22135-AOR   Document 64   Entered on FLSD Docket 12/06/2017   Page 3 of 7

Baluja v. El Gallego. et al.
CASE NO.   17-cv-22135-JEM

or legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants admit the allegations in Paragraph 37, insofar as a letter was received by Javier Banos Machado, Esq and the remainder is denied.

38. Defendants admit the allegations in Paragraph 38, insofar as this issue has not been resolved, but denies the remaining allegations.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants admits the allegations in Paragraph 40.

41. The allegations of Paragraph 41 of the Complaint state either recitations of state law or legal conclusions that require no answer of Defendants, but to the extent that such allegations require an answer, they are denied.

42. Defendants deny the allegations in Paragraph 42 Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Any Paragraph or other writing of the Plaintiff's Complaint not answered through this pleading is hereby expressly denied.

## AFFIRMATIVE DEFENSES

47. The Complaint fails to state a claim upon which relief may be granted.

48. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

49. Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

50. At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA.

51. Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

52. This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

53. Plaintiff is not entitled to liquidate damages, as Defendants acted in good faith and had reasonable grounds to believe that their conduct was not a violation of the

Case 1:17-cv-22135-AOR   Document 64   Entered on FLSD Docket 12/06/2017   Page 4 of 7

Baluja v. El Gallego. et al.
CASE NO.   17-cv-22135-JEM

FLSA.

54. Plaintiff's claim is partially barred, or should be reduced by the limitations period for maintaining an action pursuant to the FLSA.

55. This action is barred or limited by 29 C.F.R. § 785.47, the de minimis doctrine. See Lindow v. U.S., 738 F.2d 1057, 1062 (9th Cir. 1984).

56. Plaintiff is not entitled to compensation for "preliminary or postliminary activities" in accordance with the Portal-to-Portal Act.

57. Any hours worked beyond Plaintiff's compensated workweek were unauthorized and performed without Defendants' actual or constructive knowledge.

58. The Complaint fails to establish that the Plaintiff's supervisors were aware that he was performing uncompensated work. In order for work performed off-the-clock to be compensable, an employee's supervisor must know or have reason to believe that work is being performed and have an opportunity to prevent the work from being performed. See Gaylord v. Miami-Dade County, 78 F. Supp 1320, 1325 (S.D. Fla.1999). (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680,687 (1946) (emphasis added). "[F]or an activity performed by an employee off-the-clock to constitute compensable work, 'the employers supervisor [must] know or have reason to believe that the work is being performed and [must] have an opportunity to prevent the work from being performed.'" Bull v. United States, 68 Fed. Cl. 212, 224 (U.S. Claims 2005) (quoting 5 C.F.R. s 785.12 (DOL)). This actual or constructive knowledge must be attributable to someone with the authority to bind the government. Bull 68 Fed. Cl. at 224 (citation omitted).

59. In the alternative, Defendants are entitled to offset monies or other consideration paid or provided to Plaintiff by Defendants for periods in which Plaintiff was not engaged to work.

60. Any claim for overtime compensation by Plaintiff must be off-set by any premium compensation, overpayments, bonuses, compensatory time off, or other job-related benefits paid or provided to Plaintiff, including a reduction for any compensation already paid to Plaintiff for periods not compensable under the FLSA.

61. Without assuming the burden of proof, Plaintiffs were compensated for all hours worked in excess of 40 hours in any particular workweek (as Plaintiff themselves may have reported her time worked) at a rate not less than that set forth by the

Case 1:17-cv-22135-AOR Document 64 Entered on FLSD Docket 12/06/2017 Page 5 of 7

Baluja v. El Gallego. et al.
CASE NO. 17-cv-22135-JEM

overtime provisions of the FLSA.

62. Without assuming the burden of proof, Defendants complied with all recordkeeping requirements of the FLSA.

63. The alleged time for which Plaintiffs seek compensation is irregular as well as practically and administratively difficult to record.

64. Without assuming the burden of proof, Plaintiffs and members of the purported class or collective action are not similarly situated. The potential claims of the purported class members reflect variability.

65. The regular rate cannot be computed based upon and overtime compensation cannot be recovered by Plaintiff for periods of time during which they performed no work, including vacation and/or sick leave, worker's compensation leave, or were otherwise absent from the workplace during that week, including during holidays, missing meetings and other functions attended voluntarily.

66. Even if Defendants failed to compensate Plaintiff in accordance with the requirements of the FLSA, Defendants did not willfully violate the Act. Defendants acted in good faith reliance upon, and in conformity with, official written administrative regulations, orders, rulings, approvals, or administrative interpretations, practice or enforcement policies of the United States Department of Labor, Wage and Hour Division and had a reasonable, good faith basis for believing it was not in violation of the Act. Accordingly, relief is therefore barred, in whole or in part.

67. Any acts or omissions with regard to its pay practices of Plaintiff were taken in good faith upon a reasonable belief that such pay practices complies with the FLSA; accordingly, liquidated damages are not appropriate.

68. Defendants are entitled to recover reasonable attorney's fees and cost pursuant to F.S. ' 448.110.

69. The corporate Defendant did not employ Plaintiff.

70. Defendant, Enrique Blanco, and Jorge Blanco's liability is derivative to that of the corporation. The corporate Defendant is not liable to the Plaintiff, and thus, the individual Defendant is not liable to the Plaintiff.

71. Plaintiff's claim is barred by the doctrine of judicial estoppel.

72. Defendants did not employ Plaintiff.

Case 1:17-cv-22135-AOR   Document 64   Entered on FLSD Docket 12/06/2017   Page 6 of 7

Baluja v. El Gallego. et al.
CASE NO.   17-cv-22135-JEM

73. To the extent that Plaintiff may seek punitive damages, Plaintiff's recovery is limited by applicable provisions of the FLSA and the Florida and/or United States Constitutions.  Any award of punitive damages to Plaintiff in this case would be in violation of the FLSA and the constitutional safeguards provided to Defendants under the Constitution of the United States and/or the laws of the State of Florida.

74. Plaintiff is not entitled to punitive/liquidated damages as Defendants did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

75. Defendants reserve the right to assert further affirmative defenses as they become evident through discovery investigation.

76. All actions taken by Defendants with respect to Plaintiff were supported by legitimate business reasons.

77. To the extent Plaintiff seeks damages not recoverable under the FLSA, Plaintiff is barred from such recovery.

Dated: December 6th, 2017                Respectfully submitted,

/s Javier Banos Machado
JAVIER BANOS MACHADO, ESQ
Florida Bar No. 25706
Attorney for Defendants El Gallego
Spanish Tavern Restaurant, Inc., a Florida
Corporation, Enrique Blanco, individually,
and Jorge Blanco, individually
3126 Coral Way
Miami, FL 33145
Tel:     (305) 519-5581
Fax:    (305) 403-1061
Email:  Javierb@banoslawfirm.com

Baluja v. El Gallego. et al.
CASE NO.   17-cv-22135-JEM

# CERTIFICATE OF SERVICE

I hereby certify that on December 6th, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Javier Banos Machado
JAVIER BANOS MACHADO, ESQ.

## SERVICE LIST

Neil Tobak
J.H. Zidell P.A.
300 71st Suite 605
Miami Beach, FL 33141
305-773-3269
Email: ntobak.zidellpa@gmail.com
ATTORNEY TO BE NOTICED


Rivkah Fay Jaff
J.H. Zidell, P.A.
300-71st Street, Ste 605
Miami Beach, FL 33141
(305) 865-6766
Email: Rivkah.Jaff@gmail.com
ATTORNEY TO BE NOTICED

Jamie H. Zidell
300 71st Street
Suite 605
Miami Beach, FL 33141
305-865-6766
Fax: 865-7167
Email: ZABOGADO@AOL.COM
ATTORNEY TO BE NOTICED