UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-22135-CIV-AOR

[CONSENT CASE]

ORLANDO BALUJA and all others similarly situated under 29 U.S.C. 216(b),

        Plaintiff,

vs.

EL GALLEGO SPANISH TAVERN RESTAURANT, INC.,
EL GALLEGO SPANISH TAVERN RESTAURANT, INC,
ENRIQUE BLANCO,
JORGE BLANCO,

        Defendants.

_____

**JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT, STIPULATED DISMISSAL AS TO THE DEFENDANTS, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, (SUCCESSOR), ENRIQUE BLANCO, JORGE BLANCO WITH PREJUDICE, AND FOR THE COURT TO RETAIN JURISDICTION**

The Parties, Plaintiff, ORLANDO BALUJA ("Plaintiff"), and Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, (Successor), ENRIQUE BLANCO, JORGE BLANCO ("Defendants"), (collectively, the "Plaintiff" and "Defendants" referred to as the "Parties"), by and through their respective undersigned counsel, and file this Joint Motion for Approval of the Parties' Settlement Agreement, Stipulated Dismissal with Prejudice, and for the Court to Retain Jurisdiction, and respectfully state as follows:

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir.

1982).  To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.  *Id.* at 1354.  If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation.  *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

A bona fide dispute exists between Plaintiff and Defendants in this case regarding Plaintiff's claim for overtime wages under 29 U.S.C. 201-216 and the alleged damages associated with same. Plaintiff contends that he was not properly paid his overtime wages as required by the FLSA during the relevant time period. Defendants have asserted various affirmative defenses and dispute the number of hours worked by Plaintiff during the relevant time period. Notwithstanding their factual disputes, the parties have settled this case, believing that settlement promotes efficiency and brings a reasonable and fair result to this litigation.

The Parties were able to reach a full settlement to avoid risks and additional expenses associated with continued litigation of this matter, including trial and any and all post trial matters (i.e. appeal, etc.). Counsel have zealously represented their clients' respective interests and have negotiated a settlement that is acceptable to Plaintiff and Defendants. All parties are represented by experienced counsel in this action, and the parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length compromise of Plaintiff's claim.  There was no undue influence, overreaching, collusion or intimidation in reaching the parties' settlement. The Parties have submitted the Settlement Agreement attached as Exhibit "A".  As per the Settlement Agreement, the Parties agree that each party shall bear its own attorneys' fees and costs except as otherwise stated in the Settlement Agreement. As a condition for dismissal, the parties agree to dismissal of this action

as to Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, (Successor), ENRIQUE BLANCO, and JORGE BLANCO on the condition that the Court retains jurisdiction to enforce the terms of the Settlement Agreement. *See, Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012).

WHEREFORE, the said Parties respectfully request that the Court enter an Order: (1) approving the terms of the Settlement Agreement; (2) dismissing this action with prejudice as to the Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, (Successor), ENRIQUE BLANCO, JORGE BLANCO pursuant to the Parties' stipulated settlement and dismissal; (3) retaining jurisdiction over enforcement of the settlement; and (4) denying as moot all pending motions as to the Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, (Successor), ENRIQUE BLANCO, JORGE BLANCO.

DATED:  The 8th day of February 2018.

Respectfully submitted,

| | |
|---|---|
| s/ Neil Tobak | s/  Javier Banos Machado |
| Neil Tobak, Esq. | **Javier Banos Machado** |
| J.H. Zidell, P.A. | Javier Banos Esq PA |
| 300 71st Street, Suite 605 | 3126 Coral Way |
| Miami Beach, FL 33141 | Miami, FL 33145 |
| Telephone: (305) 865-6766 | 305-519-5581 |
| Facsimile: (305) 865-7167 | Fax: 3054031061 |
| Florida Bar No. 093940 | Email: jbanos@msn.com |
| Email:  ntobak.zidellpa@gmail.com | *Counsel for Defendants* |
| *Counsel for Plaintiff* | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-22135-CIV-AOR

[CONSENT CASE]

ORLANDO BALUJA and all others similarly )
situated under 29 U.S.C. 216(b), )
                      Plaintiff, )
vs. )
 )
EL GALLEGO SPANISH TAVERN )
RESTAURANT, INC., )
EL GALLEGO SPANISH TAVERN )
RESTAURANT, INC, )
ENRIQUE BLANCO, )
JORGE BLANCO, )
 )
                      Defendants. )

**ORDER APPROVING JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT, STIPULATED DISMISSAL AS TO THE DEFENDANTS, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, (SUCCESSOR), ENRIQUE BLANCO, JORGE BLANCO, WITH PREJUDICE, AND FOR THE COURT TO RETAIN JURISDICTION**

Having reviewed the Settlement Agreement between the Parties, Plaintiff, ORLANDO BALUJA ("Plaintiff"), and Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, (Successor), ENRIQUE BLANCO, JORGE BLANCO ("Defendants"), (collectively, the "Plaintiff" and "Defendants" referred to as the "Parties"), "), it appears to the Court that due cause exists to approve settlement and dismiss the case with prejudice regarding Plaintiff's claims against **only** Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC. (SUCCESSOR), ENRIQUE BLANCO and JORGE BLANCO, with the Court to retain jurisdiction to enforce the terms of the Settlement Agreement.  And therefore, it is:

**ORDERED,** and **ADJUDGED** that the Settlement Agreement is hereby **APPROVED** in its entirety by the Court under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and this case is **DISMISSED AS TO DEFENDANTS, EL GALLEGO SPANISH TAVERN RESTAURANT, INC. (SUCCESSOR), ENRIQUE BLANCO, JORGE BLANCO WITH PREJUDICE** with the Court to retain jurisdiction to enforce the terms of the Settlement Agreement. All pending motions as to Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC, (Successor), ENRIQUE BLANCO, JORGE BLANCO in this case are DENIED as moot, and this case is CLOSED as to **only** Defendants, EL GALLEGO SPANISH TAVERN RESTAURANT, INC. (SUCCESSOR), ENRIQUE BLANCO and JORGE BLANCO.

**DONE AND ORDERED** in chambers, at Miami, Florida, this _____ day of _____ 2018.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record